## WILLIAM F. DOOLITTLE ET AL. V. AMERICAN NATIONAL BANK OF OMAHA.

FILED APRIL 19, 1899. No. 8825.

1. **Rulings on Pleadings:** TRANSCRIPT FOR REVIEW. In the absence of a pleading from the transcript presented to this court in an error proceeding, an alleged error of the trial court in sustaining a motion to strike out portions of said pleading cannot be reviewed.

2. **Review of Interlocutory Order:** DELAY OF TRIAL. The pendency of attempted review by error proceeding of an order in a case not final does not furnish forceful reason for the delay of a trial of the cause on its merits.

3. **Bill of Exceptions:** EXTENSION OF TIME: REVIEW. An order of refusal to extend the time within which to prepare a bill of exceptions which does not appear of record cannot be reviewed.

4. ——: EVIDENCE: REVIEW. If there is no bill of exceptions, questions which for their due consideration require an examination of the evidence cannot be determined.

5. **Conflicting Evidence:** REVIEW. A determination of matters of fact based upon conflicting evidence and sustained thereby will not be disturbed on review.

6. **New Trial:** TIME TO FILE MOTION. A motion for a new trial is without force if filed after final adjournment of the term of district court during which the trial occurred.

ERROR from the district court of Douglas county. Tried below before HOPEWELL, J. *Affirmed.*

*David Van Etten*, for plaintiffs in error.

*Howard B. Smith, contra.*

HARRISON, C. J.

This action was instituted by defendant in error in the district court of Douglas county February 3, 1894, to re-

cover of plaintiffs in error an amount alleged to be its due on a promissory note signed by them.   For plaintiffs in error there was filed on October 26, 1894, what was styled a "substituted answer," and a motion was filed for the bank that portions of the substituted answer be stricken out, which motion was on hearing sustained. Without awaiting the trial and judgment in the action there was an attempt to present to this court for review the order striking out portions of the "substituted answer."   To this error proceeding there was filed an objection to the jurisdiction on the ground that the order of which there was complaint was not a final one.   The objection was sustained and the proceeding dismissed. In the meantime issues had been joined in the district court on the merits of the action, and of them there had been a trial, which resulted in a verdict in favor of the bank.   At some time during the course of the action in the district court there was filed what was designated an "amended substituted answer," but this was apparently without leave of court obtained.   At the time the motion to strike out portions of the "substituted answer" was sustained it was a part of the order that the parties were given seven days from this date in which to prepare and present for the inspection of the court an amended answer.   It does not appear that there was any compliance with the portion of the order just quoted.   There was a motion for a new trial, which was heard, and on consideration overruled.   The plaintiffs in error did or could not procure a bill of exceptions within the time allowed or apparently at any time, or have not done so.   The first motion for a new trial was filed of date October 26, 1895, and on November 7, 1895, and of the September, 1895, term of the court, was overruled and judgment rendered on the verdict.   On October 28, 1896, a second motion for a new trial was filed, which reads as follows: "Now come defendants and move the court to vacate and set aside the judgment and verdict herein and grant a new trial in said action, for the reason that, without the fault of

defendants, they have been unable to obtain a bill of exceptions of the proceedings and evidence on trial, and thereby have so been deprived of their right to be heard in the court of last resort of said state. This motion is supported by the affidavits hereto attached, marked Exhibits 'A' and 'B,' respectively, hereof, and hereby made a part of this action." This was during the September, 1896, term of the court. The trial term adjourned *sine die* January 4, 1896. This motion was heard and overruled, the order in the matter being of date November 4, 1896. The cause has been removed to this court by petition in error.

It is argued that the district court erred in its order to strike out portions of the "substituted answer." This must fail, for the reason that the said answer is not a part of the transcript filed here and without it we cannot examine or determine the question raised. The answer to which we have just referred was with the bill of exceptions of the hearing on the second motion for a new trial, but was omitted therefrom by the trial judge who settled and allowed the bill, and it has not been made of the transcript and is not before us for consideration. At the time the case was called for trial on its merits it was objected that it could not then be heard, for the reason that to secure a reversal of the order to strike out portions of the "substituted answer" a proceeding in error had been instituted in the supreme court and was then pending. This objection was not countenanced, and that it was not is now urged as an error. The order was not a final one, and that there had been an attempt to lodge an error proceeding in this court to review it furnished no reason for any delay in the trial of the cause on its merits in the district court.

It is complained that there was an error committed in overruling a motion for an extension of time within which to prepare a bill of exceptions. There is no such motion embodied in the transcript before us, but it is conceded it was made of date February 14, 1896. The judge

who presided at the trial had then retired from office. That the motion was ever denied does not appear. There is a showing in the bill of exceptions that counsel for plaintiffs in error wrote to the judge who had heard the trial and received a letter from him in reply in which he declined to sign or make an order of extension of time for preparation of a bill of exceptions, but there is no order or matter of record in the court on this subject which can be reviewed. In the absence of a bill of exceptions we cannot review any of the assignments of error which for their due consideration and decision would require an examination of the evidence.

It is also contended that it was an error to overrule the second motion for a new trial. It was not filed until after the close of the term of court during which the trial occurred and was not entitled to be heard and sustained. (Code of Civil Procedure, sec. 316.) If it be conceded that it was competent for the trial court to entertain the motion filed of the time that it was, then its decision by which it overruled the motion was based upon conflicting evidence, of which there was sufficient in its support, and it will not be disturbed. The judgment of the district court must be

AFFIRMED.