FIRST NATIONAL BANK OF BROKEN BOW V. JAMES
STOCKHAM ET AL.

FILED NOVEMBER 23, 1899. No. 9,035.

1. **Review: ERROR: PRESUMPTIONS.** Error will not be presumed, but must be affirmatively revealed by the record.

2. **New Trial: TIME TO FILE MOTION.** Except upon the ground of newly-discovered evidence, a motion for a new trial must be filed within three days after the verdict or decision was rendered, unless the filing in time was unavoidably prevented.

ERROR from the district court of Custer county. Tried below before GREENE, J. *Affirmed.*

*G. L. Gutterson,* for plaintiff in error.

*John S. Kirkpatrick, L. E. Kirkpatrick* and *A. R. Humphrey, contra.*

NORVAL, J.

Frank Decious executed a promissory note in the sum of $150, and James Stockham and C. T. Halliday signed the note with him as sureties. The First National Bank of Broken Bow instituted an action on the note against all the makers. A trial to a jury terminated in a verdict against Decious in favor of the bank, and against it and in favor of the other defendants. The plaintiff prosecuted a petition in error against all the defendants below, but on the special approvance of Decious objecting to jurisdiction over his person, the proceeding in error was dismissed as to him. Numerous alleged errors are assigned in the petition in error, and argued in the brief, but they can not be now considered, because it does not appear that plaintiff filed a motion for a new trial, presenting the questions now sought to be reviewed, to the trial court within three days after the verdict was returned. The trial was had and a verdict

rendered on April 2, 1896. The record discloses that on May 1, following, there was filed a substituted motion for a new trial for one alleged to be lost. There is nothing in the record to indicate when the original motion was filed, if one was ever filed. We can not indulge the presumption that it was filed within the time fixed by statute. On the other hand, the presumption is in favor of the judgment below. Errors are never presumed, but must be disclosed by the record. See *Wright v. State*, 45 Nebr., 44; *American Investment Co. v. McGregor*, 48 Nebr., 779; *Ætna Ins. Co. v. Simmons*, 49 Nebr., 811. The district court may have refused plaintiff a new trial because his motion therefor was not in time. Except for newly-discovered evidence, which is not the grounds relied upon herein for reversal, a motion for a new trial must be filed within three days after the verdict or decision, unless unavoidably prevented. See *Roggencamp v. Dobbs*, 15 Nebr., 620; *Davis v. State*, 31 Nebr., 240; *Fitzgerald v. Brandt*, 36 Nebr., 683; *Brown v. Ritner*, 41 Nebr., 52. The judgment is

AFFIRMED.