[No. 15954.    Department One.    January 31, 1921.]

W. B. WHITE, *Appellant*, v. C. A. TURNER, *as Commissioner, etc., Respondent.*[1]

PLEADING (94)—DEMURRER—WAIVER. A demurrer is waived by consenting that the case be tried on the merits.

MUNICIPAL CORPORATIONS (45)—ORDINANCES—SUBJECTS AND TITLES. The title of a traffic ordinance expressly providing for the licensing of freight vehicles, is sufficient to embrace a section providing a tax upon motor trucks.

SAME (44)—ORDINANCES—VALIDITY. The provisions of a traffic ordinance are independent so that the validity of one does not affect the others, where (1) it required an occupation tax for motor trucks; (2) prohibited loads which permanently injured the streets; (3) fixed minimum loads; and (4) regulated their speed.

SAME (353)—USE OF STREETS—REGULATION OF MOTOR TRUCKS— VALIDITY. A traffic ordinance imposing upon motor trucks an occupation tax, graduated according to the load, is valid; Laws 1919, p. 124, § 34, expressly authorizing local authorities to levy an occupation tax.

SAME (353)—VALIDITY—VIOLATION. A traffic ordinance prohibiting the use of motor trucks which permanently injure the street and also loads of more than 24,000 lbs. is enforcible; and the same

[1]Reported in 195 Pac. 240; 197 Pac. 609.

is violated by permanent injury to the streets regardless of the weight of the load.

SAME (353)—VALIDITY. The fact that Rem. Code, § 5561-4, exempts cities of the first class from the provision of the traffic law forbidding the use of all trucks that permanently injure the streets, does not prevent a city of the first class from passing a traffic ordinance forbidding such use.

### ON REHEARING.

JUDGMENT (189) — CONCLUSIVENESS — JUDGMENT ON DEMURRER. Where the sole purpose of an action was to test the validity of an ordinance, and a demurrer to the complaint was sustained for the reason that the major portion of the ordinance was valid, the judgment dismissing the action did not involve any question as to a violation of the ordinance.

Appeal from a judgment of the superior court for Snohomish county, Brawley, J., entered March 15, 1920, dismissing an action for an injunction, after a hearing before the court on the merits. Modified.

*Cooley, Horan & Mulvihill*, for appellant.

*R. J. Faussett* and *J. W. Dootson*, for respondent.

BRIDGES, J.—By this action the plaintiff sought to enjoin the defendant from interfering with his use in a certain manner of some of the streets of the city of Everett. The complaint alleged that that city is a municipal corporation of the first class, and that the defendant was its duly elected, qualified and acting commissioner of public safety; that plaintiff is engaged in the business of hauling saw logs loaded on trucks and trailers, from a point north of Everett to and through that city; that he owned the timber on a certain tract of land, which would be lost to him unless he was able to remove it within a stated short period, and that the only practical way of removing such timber was by trucks and trailers, used in the manner he was using them; that he had a large sum of money invested in such timber and trucks, and that any interference with

his logging operations would irreparably injure and
damage him; that he operated, for the purposes men-
tioned, two three-and-a-half-ton trucks and one three-
ton truck and one one-ton truck, together with three
Los Angeles trailers; that he had paid all license fees
required by law to be paid to the county of Snohomish
and to the state of Washington; that each truck and
trailer combined and unloaded weighed approximately
six tons, or twelve thousand pounds; that it was im-
practicable to operate such trucks and trailers without
hauling at least two thousand four hundred feet of logs
per load, and that the rate capacity of the trailers was
nine tons and their licensed capacity five tons, as li-
censed by the state of Washington; that the rate ca-
pacity of each truck was three and a half tons and
their licensed capacity, as licensed by the state, five
thousand pounds. The complaint further alleged that,
on or about the 3d day of March, 1920, the city of
Everett enacted and put into force Ordinance No. 1908,
and that the defendant threatened to and would stop
his use of the streets in the manner necessary to him,
and threatened to and would arrest plaintiff by virtue
of such ordinance unless enjoined, and that the tax im-
posed by such ordinance was confiscatory, arbitrary,
oppressive, unreasonable and discriminatory, and if
the ordinance was enforced it would suppress his busi-
ness. The ordinance is made a part of the complaint
by exhibit attached thereto. The title and sections 1,
2, 3 and 4 of the ordinance are as follows:

"An ordinance providing for the use, protection and
preservation of the public streets, roads and highways
within the city of Everett, and for the licensing and
operation and speed regulation of freight vehicles
thereon, prescribing penalties for the violation thereof,
and declaring an emergency.

"The city of Everett does ordain:

"§ 1: It shall be unlawful for any person to drive, propel, draw, move, convey or transport, or cause to be driven, propelled, drawn, moved, conveyed or transported, over, upon, along or across any public street, road or highway within the corporate limits of the city of Everett, any vehicle or object which, with or without its load, shall be of such weight, or which shall have any wheel or tire so made, constructed, formed or shaped, or so equipped with spikes, cleats, lugs or other attachments or projections, as to destroy or permanently injure such street, road or highway or the surface, foundation or other part thereof, and it shall be unlawful for any person to drive, propel, draw, move, convey or transport, or cause to be driven, propelled, drawn, moved, conveyed or transported over, upon, along or across any public street, within the corporate limits of the city of Everett, any automobile, auto truck or motor propelled vehicle or truck or trailer or truck and trailer which, with or without the load, shall weigh more than twenty-four thousand pounds.

"§ 2: It shall be unlawful for any person, persons or corporation to drive, propel, draw, move, convey or transport or cause to be driven, propelled, drawn, moved, conveyed or transported over, upon, along or across any public street within the corporate limits of the city of Everett any truck or trailer, or any truck and trailer, with or without load, which shall weigh more than its licensed capacity, but in no event shall said truck or trailer or truck and trailer, with or without its load, weigh more than twenty-four thousand pounds.

"§ 3: For the purpose of this ordinance the licensed capacity shall mean the capacity as rated by the manufacturer of the vehicle.

"§ 4: Every person, corporation or association operating any motor truck or trailer or motor truck and trailer over the public streets of the city of Everett, as set out in Section 1, shall first pay into the city treasurer of the city of Everett, an occupation tax per annum and procure a license therefor from the city clerk, as follows:

Motor trucks:—
    Weighing 1,500 pounds or less.........$10.00
    Weighing more than 1,500 pounds and
      not to exceed 6,500 pounds..........$10.00
And forty cents per hundredweight for all in excess of fifteen hundred pounds, and in addition thereto, forty cents per hundredweight at the rated capacity load. Weighing more than six thousand five hundred pounds, ten dollars and fifty cents per hundredweight for all in excess of fifteen hundred pounds, and in addition thereto fifty cents per hundredweight at the rated capacity load. Trailers used as trucks shall be classified and rated as, and shall pay the same fee as hereinbefore provided for motor trucks of like weight and capacity. . . ."

Section 5 is with reference to the speed of motor trucks, and § 6 fixes the penalty for violation of the provisions of the ordinance.

It would appear from the judgment entered in the case that, on the filing of the complaint, the court issued a temporary restraining order, and an order requiring the defendant to appear and show cause why it should not be made permanent. Neither of these orders, however, appear in the record before us, nor does the record contain any formal answer to the complaint; but the defendant caused to be filed in the case three affidavits, the substance of which is, that he denied that he had threatened to interfere with the plaintiff while lawfully using the streets of Everett; that, in his logging operations, the plaintiff has at various times hauled on the streets of Everett logs which, together with the vehicles on which they were loaded, weighed approximately thirty-five thousand pounds, and that the use being made by the plaintiff of the streets of Everett, because of the weight of the loads, has caused such streets to be broken up and permanently greatly impaired; and that, if the plaintiff be

permitted to continue to carry on his business and to use the streets of Everett in the manner he was using them, they would be entirely destroyed. . The court seems to have tried the case upon the complaint, the ordinance, the three affidavits filed by the defendant, and the licenses issued by the state to the plaintiff. There does not appear in the record any other evidence or any testimony. The judgment recites that the court proceeded to hear the cause upon the evidence last above mentioned, and adjudged that the ordinance was good and valid, and that the temporary restraining order theretofore issued be vacated and dissolved and that a permanent injunction be denied. The judgment also sustains an oral demurrer to the complaint and, plaintiff refusing to further plead, dismisses the action. From this judgment, the plaintiff has appealed.

It would appear that the judgment was against the plaintiff both because his complaint failed to state a cause of action, and because, after a trial, it appeared that the action should be dismissed for want of merit. Without doubt, when the defendant consented that the case be tried upon its merits, he waived his demurrer, and we shall, therefore, treat the judgment as one dismissing the action after hearing upon the merits.

In this court practically all of the provisions of the ordinance have been attacked and defended without any question being raised as to the sufficiency of the pleadings in that regard.

We shall not find it necessary to pass upon all the provisions of the ordinance, nor all of the objections made thereto. The showing made by the respondent was that the appellant was ruining and destroying certain of the streets of Everett, and that such damage was being caused by reason of the heavy loads which he was hauling over them. There is nothing either in

the complaint or in the showing made by the appellant to deny these charges of damage. We, therefore, must consider that the appellant, by the use made by him, has greatly damaged and permanently injured those streets in the city of Everett over which he has been hauling logs.

The appellant contends that the title to the ordinance is defective for the reason that it does not in any way refer to the tax provided for in the ordinance. We do not think there is merit in this contention because the title of the ordinance expressly provides for the licensing and operation of freight vehicles. It is the general rule that, if the title shows the general character of the ordinance and thus prevents its enactment being fraudulently accomplished, it will be held to be sufficient, and that the title is not intended to be a glossary of the contents of the act. 2 McQuillin, Municipal Corporations, p. 1484; *State ex rel. Cole v. New Whatcom,* 3 Wash. 7, 27 Pac. 1020.

The ordinance is easily divided into four independent parts: (1) That part which requires that all persons operating motor trucks or trucks and trailers over the streets of Everett, shall pay a designated occupation tax; (2) that part which prohibits the hauling of any load which, because of its weight, destroys or permanently injures the streets; (3) that part which undertakes to fix the maximum weight of truck and load or of load: (4) that part which fixes the speed of trucks carrying loads of designated amounts.

Each of these four divisions is so independent of the others that anyone might be declared valid and enforcible, though all the others might be invalid and unenforcible. We will consider the validity of such of these divisions as we consider necessary for the determination of the case.

We are wholly unable to see any valid objection to that part of the ordinance with reference to occupation tax. The tax imposed is graduated according to weight, capacity or load; it applies generally to all motor trucks and trailers; there is no discrimination. The wording of the ordinance provision with reference to occupation tax is identical with the wording of the 1919 statute providing for a license fee to be paid to the state on motor trucks. Laws of 1919, p. 90, § 1. Nor is this provision of the ordinance in violation of Laws of 1919, p. 124, § 34, concerning the powers of local authorities, for that section expressly authorizes the local authorities to levy an occupation tax.

Section 1 of the ordinance provides that,

"It shall be unlawful for any person to drive . . . upon . . . any public street . . . within the corporate limits of the city of Everett, any vehicle or object, which, with or without its load, shall be of such weight . . . as to destroy or permanently injure such street . . . or the surface, foundation or other part thereof . . ."

The remainder of this section makes it unlawful to drive on the streets any motor propelled vehicle which, with or without its load, shall weigh more than twenty-four thousand pounds. Under this section, no vehicle may lawfully be driven over the streets when, because of the weight, it destroys or permanently injures them, and in no event shall the vehicle, together with its load, weigh more than twenty-four thousand pounds. We have seen that appellant's trucks were destroying and permanently injuring the streets; consequently, he was violating the ordinance regardless of the weight of his trucks, trailers and loads, for the ordinance did not permit him to use a truck which, together with its load, weighed to exceed twenty-four thousand pounds, whether or not he injured the streets.

We further hold that the provision of the ordinance with reference to permanent injury of the street is valid and enforcible. This portion of the ordinance is a copy of Rem. Code, § 5561-4 (Laws of 1915, p. 65), except it is made applicable to Everett, which is a city of the first class, whereas the statute exempts from its operation cities of the first class. But the fact that the statute does not make this provision applicable to cities of the first class is no argument against the validity of this portion of the ordinance. The statute left the matter open to those cities. They might by ordinance make its provisions applicable to them if they chose to do so. Nor is this provision in the ordinance in violation of Laws of 1919, p. 124, § 34, concerning the power of local authorities over these matters, because the ordinance provides ''regulations governing traffic in addition'' to the provisions of the statute, as that section of the statute authorizes, and is not in conflict with any statutory provision. In short, we hold that any city may lawfully enact and enforce ordinances which prohibit any vehicle which, with or without its load, because of the weight, destroys or permanently injures the streets.

We do not discuss the validity of that part of the ordinance which has to do with the speed of motor trucks because the record does not properly bring it before us, and for the further reason that its discussion is not necessary to the decision of this case. The same may be said with reference to the provision in regard to the weight and the load. If it should be considered that the maximum weight and load provisions of the ordinance are void for some reason, yet the appellant's action must be dismissed, because he has violated other valid provisions of the ordinance.

This view makes it unnecessary to determine the validity of those provisions with reference to speed

and maximum weight and load. But the judgment of the trial court went further than proper or necessary, and decided that all provisions of the ordinance were valid.

The judgment is reversed and the case remanded with directions to set aside the present judgment and make and enter another which will do nothing more than dissolve the temporary restraining order, refuse to give any permanent injunction and which will dismiss the action. Neither party will recover here any costs of the other.

PARKER, C. J., MACKINTOSH, FULLERTON, and HOLCOMB, JJ., concur.

ON REHEARING.

[Department One.   April 25, 1921.]

PER CURIAM.—A petition for rehearing and the answer thereto are before us. We desire to make some slight modifications in our previous opinion. The purpose of this action was to enjoin the respondent, who is an officer of the city of Everett, from putting into force against appellant any portion of a certain ordinance of the city of Everett with reference to the use of the streets. This ordinance was copied into and made a part of the amended complaint.

It would appear that, at the commencement of the suit, the court made an order temporarily restraining the respondent, as prayed for, and at the same time directed the respondent to appear and show cause why the temporary restraining order should not be made permanent. The first appearance of the respondent, in answer to the order to show cause, was by some affidavits which set up that the appellant had been, and was, so using the streets of Everett as to permanently injure and destroy them. The respondent next ap-

peared by a general demurrer to the amended complaint. The next thing that appears in the record is a judgment which, upon its face, has all the indications of a final judgment after a hearing upon the merits. These are all the proceedings had in the lower court. In our previous opinion, we treated this judgment as a final one upon the merits, and in so doing upheld the ordinance and found that the use being made by the appellants of the streets was such as to permanently injure them, in violation of the ordinance.

The appellant now contends that we have misconstrued the judgment and that its intention was only to dissolve the temporary restraining order theretofore issued and sustain the general demurrer to the amended complaint and, the plaintiff having elected not to plead further, dismiss the action. In other words, he now contends that the case was not heard upon the merits and that the trial court did not intend to adjudge that he had so used the streets as to permanently injure them. Although the record is in such condition as to easily lead to the conclusion that the case had been disposed of on its merits, a re-examination disposes us to accept appellant's view in this regard. So looking at the case, the substance of the previous opinion still stands. For the sake of clarity, let us suppose that the only things now before us are the amended complaint, with the ordinance attached thereto, a general demurrer, an order sustaining the demurrer, the refusal of the plaintiff to plead further and a judgment dismissing the action. The sole purpose of the action was to test the validity of the ordinance. If it should be held invalid, then a permanent injunction should issue prohibiting its enforcement; but if it, or any portion of it, be held valid and subject to enforcement, then the demurrer to the complaint

should have been sustained and the action dismissed. The effect of our previous opinion was to support at least the major portion of the ordinance and leave it subject to be enforced. Such being our holding, the necessary result must be that the trial court was right in sustaining the demurrer to the complaint, because if the ordinance was good, then appellant is not entitled to any relief in this action. Viewing the case in this light, it is not one which involves any question whether the appellant has violated the ordinance.

Our conclusion is that the judgment sustaining the demurrer and dismissing the action should be, and is, affirmed. Whatever we said in our previous opinion tending to indicate that the appellant had violated the terms of the ordinance, by using the streets in such a way as to permanently injure or damage them, is hereby eliminated. All other portions of the opinion will stand and the judgment appealed from is affirmed.