STATE, EX REL. HARVEY E. GLATFELTER ET AL., APPELLANT,
v. BERTRAND E. HART ET AL., APPELLEES.

FILED APRIL 11, 1921.   No. 21826.

1. Mandamus: ABATEMENT OF NUISANCE: BOARD OF HEALTH: INTERFERENCE WITH BOARD'S DISCRETION. In an action of mandamus to compel a board of health to abate a nuisance, where, by the pleadings, it is admitted that a nuisance exists and that it is the duty of the board, under the law, to abate it, it is not an interference with the board's right to exercise a discretion on the question of the determination of whether a nuisance exists, for the court to peremptorily order that the board abate the nuisance.

2. ———: ———. Where the board has a legal discretion to determine the manner of abating nuisances, though the court cannot control that discretion, it may, in a clear case, order that the board act and exercise its powers in that regard.

3. ———: ———: PLEADING. Where the ordinance of a city of the second class requires the city board of health to abate nuisances and delegates to such board full power to take all measures necessary, the fact that the alternative writ does not disclose that the board has funds, or show what funds are at its disposal for such purposes, is not fatal to a statement of the cause of action, since

lack of funds, or the means of procuring funds, is a matter that must affirmatively appear, and, where it does not appear, must be set up as a matter of affirmative defense.

APPEAL from the district court for Merrick county: A. M. POST, JUDGE. *Reversed, with directions.*

*W. T. Thompson* and *J. C. Martin,* for appellant.

*Walter R. Raecke* and *Horth & Ryan, contra.*

FLANSBURG, J.

Mandamus action to compel the board of health of Central City, Nebraska, to abate, or cause to be abated, a nuisance. The court allowed an alternative writ to issue, requiring the board to show cause why it should not abate the nuisance or cause it to be abated. To this writ the respondents filed a demurrer, which the court sustained. The respondents elected to stand upon the demurrer, and judgment of dismissal was entered.

The statute (Rev. St. 1913, sec. 8279) provides that mandamus cases shall be tried upon a writ and answer. The demurrer to the writ is, therefore, irregular, but will be treated as an admission of the facts alleged in the alternative writ, and the writ only will be considered. *King v. State,* 50 Neb. 66; *State v. Home Street R. Co.,* 43 Neb. 830.

The lower court's decision was based upon the ground that the alternative writ disclosed a defect of parties defendant, in that those persons, maintaining the nuisance, were not joined in the suit; and, on the further ground, that the alternative writ did not contain facts sufficient to constitute a cause of action.

The alternative writ, among other things, discloses that the respondents were members of the board of health, under section 5015, Rev. St. 1913 (as amended by chapter 44, Laws 1919); that the ordinances of the city provided that—"The board of health * * * shall exercise general supervision over the health of the city, and shall have full power to take all measures necessary to promote the

health and cleanliness thereof, to abate nuisances of every description on public and private property," and that "the board of health shall cause all nuisances to be abated with reasonable promptness." It was further set out that there was a pond of stagnant water, within the city limits and near the residences of the relators, which was being used by the citizens of the town as a dump for refuse, garbage, junk, sewage, and vegetable and animal matter, and which, "in process of decomposition, create a breeding place for flies, disease germs, and mosquitoes, producing a vile, sickening, offensive odor, contaminating the waters in said pond or pit, which have no outlet on the surface, but which polluted waters percolate through the sand and gravel in the vicinity of said pond or pit and pollute and render unsanitary and unfit for use the water in the wells of the relators, greatly endangering the health and lives of the citizens and creating a nuisance." And it is further set out that the respondents had been requested by the relators to abate said nuisance, but had failed, neglected, and refused to do so.

The first objection is that the owners of the property, upon which these ponds are situated, should have been made parties defendant, so that they would become bound by the order of the court. It is true that a writ of mandamus issued against the board of health would not be binding upon the owners of the property, nor would the order protect the members of the board of health in their actions in abating the nuisance, should their actions, as to property owners, later be determined to be unlawful. 12 R. C. L. 1285, sec. 26. If the nuisance, however, actually exists—and it is not denied nor argued that the allegations of the alternative writ sufficiently show that one does exist—then we fail to see how the board of health would need any judgment to protect it in its actions to abate, or cause to be abated, the nuisance. It is only where it is doubtful whether a nuisance, in fact, does exist that the board of health, for its own protection, need proceed by some legal action. The alternative writ

does not attempt to control the board as to the manner in which the nuisance shall be abated. That is left entirely with the option of the board. It seems clear to us that the owners of the property were not necessary parties.

It is further objected that the facts alleged are insufficient to show a cause of action, since the matter of determining whether or not a nuisance exists is a matter left to the sound discretion of the board, and that the court cannot intervene to direct or control the exercise of that discretion. Had it appeared from the allegations of the writ that an investigation was necessary, or that the exercise of judgment would be required, in order to determine whether or not a niusance does, in fact, exist, or had it appeared that the board had exercised its judgment and had determined that a nuisance did not exist, the objection might have been well taken, but, where the board admits that a nuisance exists, and admits that by the ordinances of the city it is peremptorily commanded to abate such nuisance, and, where it is not denied that its duty to do so under the law is clear, it is quite apparent that a writ of mandamus would not interfere with nor control the exercise of the board's discretion, but such a writ would simply compel the performance of a duty which the board itself admits devolves upon it. The manner in which the nuisance shall be abated, or be caused to be abated, is within the discretion of the board, and that discretion the court cannot usurp. Nevertheless, the court may order that the board act and exercise its judgment and choice of the means and manner to be adopted for the abatement of the nuisance. *State v. Hoctor*, 98 Neb. 15; *State v. Lincoln Medical College*, 81 Neb. 533; 26 Cyc. 158.

It is further suggested by respondents that no affirmative allegation of the writ discloses that the board was furnished with sufficient moneys to abate the nuisance. It is argued that the prayer of the petition in mandamus is that the ponds be filled with dirt, and that this manner of abating the nuisance would entail enormous expense.

State, ex rel. Glatfelter, v. Hart.

The alternative writ, however, does not require that the ponds be filled, but only that the board "abate, or cause to be abated," the nuisance. It is possible that a discontinuance of the use of the ponds for a dump, together with the use of disinfectants, may be all that is necessary. Furthermore, the board is left to decide whether it shall proceed directly or shall bring an action to compel the owners of the properties to abate the nuisance at their own expense, which action it no doubt has sufficient delegated authority to institute. *Village of Kenesaw v. Chicago, B. & Q. R. Co.,* 91 Neb. 619; *Board of Health of City of Yonkers v. Copcutt,* 140 N. Y. 12, 23 L. R. A. 485. But the objection that the writ does not disclose what funds are at the disposal of the board is not fatal. Where the city has ordered certain things to be done and constituted the board its agent, with full power to take all measures necessary, it is to be presumed that the city has provided, or is ready to provide, the necessary expenses for the carrying out of such measures. Moreover, if the board was without funds, or the ability to procure funds, that was a matter for affirmative defense, to be set up by answer to the alternative writ, and, had a peremptory writ been issued and the board been without funds or ability to abate the nuisance, a showing of those facts made to the district court would no doubt be sufficient ground to release it from the order. *Savannah & Ogeechee Canal Co. v. Shuman,* 91 Ga. 400.

For the reasons given, it is our opinion that the relators were entitled to a judgment on the pleadings and to the issuance of a peremptory writ. It is therefore ordered that the case be reversed and remanded and that opportunity be given respondent to make further answer and in case no such answer is made that judgment on the pleadings be entered.

REVERSED.