PEARL ZIMMERMAN BUCK, FORMERLY PEARL ZIMMERMAN, APPELLANT, V. HOMER H. ZIMMERMAN, APPELLEE.

14 N. W. 2d 335

FILED MAY 5, 1944. No. 31732.

*Johnson & Johnson* and *J. T. Keefe,* for appellant.

*Allan F. Black, contra.*

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

CARTER, J.

This is an appeal from an order placing the custody of Larry Dean Zimmerman, a minor child, with his father in accordance with the terms of an original divorce decree. From the adverse order, Pearl Zimmerman Buck, the mother of the boy, seeks a review in this court.

The record shows that on November 17, 1941, Pearl Zimmerman, now Pearl Zimmerman Buck, obtained a decree of divorce from Homer H. Zimmerman, wherein it was determined in accordance with an agreement by the parties that one should have the custody of the child during the school year of 1942-1943 and thereafter to alternate such custody each nine-months' term of school, the one not having his custody during the school term to have him during the summer vacation period.

On June 10, 1943, Homer H. Zimmerman filed his application praying for the custody of the child, alleging that Pearl Zimmerman Buck took the custody of the child on July 22, 1942, and has retained the child since that date. The application alleges further that Homer H. Zimmerman is a member of the armed forces, stationed in North Africa, and prays that the child be placed in the care of Violet E. Zimmerman, the child's paternal grandmother, during the father's absence.

On June 22, 1943, the order from which this appeal was taken was duly entered. The order states that the parties were present by counsel, a hearing had and evidence taken. The court further found that Violet E. Zimmerman is a proper and competent person with whom said child may be kept and cared for on behalf of the father during his right of custody, and that Pearl Zimmerman Buck is not entitled to the custody of the child until the end of the 1943-1944 school year as provided by the original decree.

No bill of exceptions setting forth the evidence adduced at the hearing on June 22, 1943, has been filed. Appellant contends that no evidence was taken and hence there was no evidence to make up a bill of exceptions. The order entered by the trial court plainly shows that a hearing was had and evidence taken. This court has held many times that the record imports absolute verity and it may not be disputed on appeal.

On appeal, error will not be presumed, but must affirmatively appear from the record. *First Nat. Bank v. Stockham,* 59 Neb. 304, 80 N. W. 899. In the absence of a bill of

exceptions it will be presumed that issues of fact raised by the pleadings were supported by the evidence and that such issues were correctly determined. *Backes v. Schlick*, 82 Neb. 289, 117 N. W. 707. The evidence upon which the trial court acted not being before us, there is nothing for us to decide. It is a rule long established that a question requiring an examination of the evidence will be disregarded in the absence of a bill of exceptions preserving the evidence. *Doolittle v. American Nat. Bank of Omaha*, 58 Neb. 454, 78 N. W. 926.

There being no error affirmatively appearing from the record, the judgment of the trial court will be affirmed.

AFFIRMED.