MARGARET R. BLAKE, BY LEONARD L. LARSEN, HER
GUARDIAN, APPELLANT, V. PATHFINDER HOTEL
COMPANY, A CORPORATION, ET AL., APPELLEES.

44 N. W. 2d 310

Filed October 18, 1950. No. 32789.

*Richards & Schafersman,* for appellant.

*Cook & Cook,* and *Sidner, Lee & Gunderson,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

This is an action at law brought in the district court for Dodge County by the duly appointed guardian of Margaret R. Blake, an incompetent, to recover damages for personal injuries alleged to have been sustained by his ward due to the negligence of the defendants. A jury was impaneled, and at the conclusion of the plain-

tiff's evidence, defendants moved for directed verdict. This motion was sustained. The plaintiff filed a motion for new trial which was overruled. Thereafter the plaintiff appealed to this court.

There is no bill of exceptions before this court. The sole question presented to this court on this appeal is whether or not the pleadings are sufficient to sustain the judgment of the trial court.

The pleadings are in accord that the defendant Pathfinder Hotel Company is a corporation duly organized and existing under and by virtue of the laws of the State of Nebraska, authorized to do and doing business in the city of Fremont, Dodge County, Nebraska; that the defendants Francis R. Orshek and Paul Christensen are the owners of a six-story hotel structure located and situated at the intersection of Broad and Sixth Streets, Fremont, Nebraska, and were the owners of such property on July 4, 1948; that the Pathfinder Hotel Company was the tenant of the owners, and in conjunction with the hotel operated and maintained a coffee shop and cafe on July 4, 1948; and that Leonard L. Larsen is the duly appointed, qualified, and acting guardian of the person and estate of Margaret R. Blake, an incompetent.

The petition alleges in substance that at all times mentioned the owners and tenant solicited and invited the public to patronize the coffee shop and cafe on said premises; that on or about July 4, 1948, the plaintiff, Margaret R. Blake, went to the coffee shop owned by the owners of the hotel property and conducted by the tenant Pathfinder Hotel Company, a corporation, at the solicitation and invitation of the tenant, for the purpose of making a purchase of her breakfast at the counter in the coffee shop; that while at the counter the plaintiff sat upon a stool built upon a platform which was $6\frac{1}{4}$ inches above the floor level, which was provided by the owners and the tenant for the comfort and convenience of the tenant's patrons; that by reason of the negligent and careless manner in which the stool, plat-

form, and floor of the coffee shop were constructed and maintained at the time and place by the owners and the tenant, Margaret R. Blake, upon attempting to get off the stool and leave the premises, was caused to fall upon the floor, as a result of which she sustained injuries and damages; that at all times herein alleged the owners knew their premises to be a public place and a place where large numbers of people would congregate and frequent; that the owners and tenant knew or should have known that the counter, stool, platform, and floor, and the material thereof were so arranged and constructed as to create a trap and pitfall and a dangerous condition, and that it rendered the coffee shop unsafe for the public use intended; that the plaintiff, prior to the accident, was in good mental and physical condition and competent to handle and manage her own affairs, and did walk and travel extensively; and that the plaintiff was without negligence in the premises, but that her injuries and damages were caused solely by reason of the negligence of the owners and tenant and each of them.

The petition alleged that the negligence of the tenant Pathfinder Hotel Company consisted of the following: (1) By maintaining the platform above the floor level with the identical material of terrazzo on both, and with such an arrangement which produced the appearance of a common level of the platform and floor, and which produced the effect of confusing and deceiving an ordinary person, including the plaintiff, into the belief that she was on the same level; (2) in failing to warn or notify the plaintiff of the existence of a dangerous condition; and (3) in maintaining on the premises said counter, stool, platform, and floor in such condition and arrangement as to render them unsafe for the public use intended, and in inviting the public to use the same in said dangerous condition.

The petition further alleged that the negligence of the owners, the defendants Francis R. Orshek and Paul

Christensen, consisted of the following: (1) In permitting the dangerous condition described aforesaid to exist on their premises and on the premises leased to the defendant Pathfinder Hotel Company, when they knew that said premises were being used and would be used as a public place where large numbers of people would gather; and (2) in allowing and permitting the conditions described aforesaid, which constituted a trap and pitfall, to be maintained on their premises, and when they knew, or with reasonable diligence should have known, said trap and pitfall would be injurious to persons rightfully in said coffee shop.

The petition further alleged that as a direct and proximate result of the carelessness and negligence of the defendants as aforesaid, the plaintiff sustained injuries. The injuries are thereafter described in the petition, and a prayer for judgment follows.

The answer of the defendants Pathfinder Hotel Company, a corporation, and Francis R. Orshek and Paul Christensen, the owners of the hotel property, are identical. After the admissions of the allegations of the plaintiff's petition which have previously been set forth, the answers are in substance as follows: There is a general denial of each and every allegation not admitted in the answers. Further answering each defendant alleged that at the time alleged in the petition there were ten booths and six tables in the coffee shop; that on several occasions prior to the time of the alleged injuries to Margaret R. Blake and during the time that she was a guest of the hotel, she had always used the booths or tables provided by the hotel for the use of their patrons; and that at the time of the alleged injuries there were tables and booths available for the use of Margaret R. Blake, but she, knowing that the stools were located upon a platform, elected to use the stools sitting upon the platform and stepped upon the same. The defendants further alleged that the coffee shop was well lighted. The defendants denied the al-

legations of the petition that it maintained a platform above the floor level with the identical material of terrazzo on both and with such an arrangement that produced the appearance of a common level of the platform and floor, and which produced the effect of confusing the plaintiff into the belief that she was on the same level. Defendants further alleged that Margaret R. Blake voluntarily and without any invitation of the defendants, at the time alleged in the petition, sat upon the stool at the counter instead of using the booths or one of the tables. The defendants further alleged that if the plaintiff sustained any injuries or damages, as alleged in her petition, said injuries and damages were the result of the negligence and contributory negligence of the plaintiff, which were more than slight and which would preclude her from recovery in this action, and that the negligence of the plaintiff as alleged therein, consisted of the following: (1) That the plaintiff, prior to her alleged injuries, had eaten her meals in said coffee shop and prior to alleged injuries had full knowledge of the equipment in the coffee shop, including the booths, tables, counter, and stools, and the design, construction, and location of the same; and (2) that the plaintiff, just prior to the time of her alleged injuries, stepped upon the platform and sat on the stool, and that she was well aware that said stools were located on the platform. Defendants prayed that plaintiff's petition be dismissed and they might recover the costs of the action.

The reply was a general denial of the affirmative allegations of the defendants' answers.

The answers of the defendants, it will be observed, constitute a denial of the allegations of negligence charged against them appearing in the plaintiff's petition. The answers further set forth certain facts with reference to contributory negligence on the part of Margaret R. Blake, and allege that if any damages were sustained by Margaret R. Blake, they were the direct and proximate result of her own negligence and contributory negli-

gence. In addition to the denials of negligence on the part of defendants, valid affirmative defenses are pleaded. We hold that the pleadings are sufficient to sustain the judgment of the trial court.

The applicable authority is: "The only question that can be presented to the Supreme Court on appeal, in the absence of a bill of exceptions, is the sufficiency of the pleadings to support the judgment." Cozad v. McKeone, 149 Neb. 833, 32 N. W. 2d 760. See, also, Doon v. Adcock, 127 Neb. 335, 255 N. W. 548.

The judgment of the district court is affirmed.

AFFIRMED.