## Foster's Adm'r et al. v. Gatewood et al.

January 9, 1951.

W. B. Ardery, Judge.

Dulin Moss, and W. Owen Keller for appellants.

W. C. Marshall for appellees.

JUDGE HELM—Affirming.

On July 9, 1942, Louella Foster filed Action No. 38998 in the Franklin Circuit Court seeking to set aside a deed, and pleading: "That her signature to said deed was procured by the deceit, misrepresentation and fraud of defendant, Carrie Harrod, and that she received no consideration for said deed." Luther Harrod, husband of Carrie; James H. Foster, a brother; Eliza Clark, a half-sister; Jim Will Clark, her husband; Ida Kelly, a half-sister, and her husband, Burley Kelly, were named defendants.

It is further alleged that the brother, J. W. (Pig) Foster died intestate on March 17, 1942, a resident of Franklin County, leaving as his only heirs the above-named brother and sisters; that at his death he was the owner of a described tract of land in Franklin County; that the commission of the notary public taking the acknowledgment to the deed had expired; that Eliza Clark, at the time she signed the deed, was married and that her signature to the deed was of no effect because her husband, Jim Will Clark, did not join with her in signing the deed.

On August 18, 1942, Hazie Harrod filed Action No.

39067 seeking to recover $715 for services alleged to have been furnished to J. W. (Pig) Foster.

Louella Foster died September 18, 1942. The action was revived in the name of J. W. Foster, Administrator of the Estate of Louella Foster. Carrie Harrod having died on January 19, 1943, a petition for reviver of the action against the heirs of Carrie Harrod, deceased, was filed by John Foster, Administrator, on August 7, 1943. On August 18, 1947, Action No. 40991 was filed seeking a settlement of her estate. On September 15, 1947, the three actions were consolidated and referred to the Master Commissioner.

On September 19, 1947, John Foster, Administrator, filed an amended petition in Action No. 38998 adopting all of the allegations in the original petition of Louella Foster. On the same day, Eliza Clark filed her answer and cross-petition in Action No. 38998 seeking to set aside the deed to Carrie Harrod for the reasons set out in the original petition of Louella Foster. Ida Kelly and her husband filed a like answer and cross-petition. J. W. Clark, husband of Eliza Clark, filed an answer in the consolidated cases disclaiming any interest in the estate of John (Pig) Foster, deceased. No plea was filed by James H. Foster. From the record it appears that all of the parties were before the court.

The testimony of John Foster, Burley Kelly, Dave Foster, Ida Kelly, Eliza Clark, Elizabeth Thurman, Mae E. McCoy, Mary S. Jones and Dulin Moss was taken in case No. 38998, and also the testimony of a number of witnesses in case No. 40991. The Commissioner, Charles Duvall, made a report. The Chancellor adjudged:

"* * * the court being sufficiently advised, it is the judgment of the court * * * that the record herein contains no competent testimony or proof that any fraud or misrepresentation was practiced by Carrie Harrod in obtaining the signatures of the grantors who conveyed the property described in the petition to her by the deed dated March 20, 1942, the original of which is filed with the record. The grantors were all sui juris; they intended at the time to execute a valid deed to Carrie Harrod, their acknowledgments were taken and certified in due form by J. W. Jeffers, as Notary Public, and the

fact that his bond as Notary Public has not been re-executed by him does not affect the validity of the deed, and the fact as shown by the record that Jim Will Clark (reputed husband of Eliza Clark) had not lived together for many years and the deed which she signed recited that she was a widow and said Jim Will Clark has filed his answer herein disclaiming any interest in the property by reason of his marriage to Eliza Clark, cures the infirmity, if any, and said deed is now declared to be valid conveying to Carrie Harrod a fee simple title to said property, which she had and owned at the time of her death.

"It is now therefore adjudged by the court that the petition of Louella Foster and the case revived by John Foster, Administrator (No. 38998) be and the same is now dismissed at the cost of the plaintiffs. * * *"

John Foster, Administrator of Louella Foster, Eliza Clark, Ida Kelly and Burley Kelly appeal, urging: (1) That much of the evidence was incompetent and appellants' exceptions should have been sustained; (2) demurrers should have been sustained; (3) the notary public was without authority to take acknowledgments, and (4) the execution of the deed by Eliza Clark is invalid.

Appellants filed numerous exceptions to the testimony taken. The record does not show that appellants requested the court to pass upon their exceptions, or that the court did so. For these reasons appellants waived their exceptions. Black v. Noel's Adm'x, 240 Ky. 209, 41 S. W. 2d 1100.

Appellants filed demurrers; but the cases were submitted without having the demurrers passed upon. Appellants thereby waived the demurrers. 15 W. Ky. Digest, Pleading, 212.

It appears that the notary public taking the acknowledgment to the deed in question had not had his bond renewed. A deed may not be recorded until it is properly acknowledged. But a deed signed by the parties, although not acknowledged, is binding as between the parties. United States Trust Co. v. Frakes, 282 Ky. 683, 139 S. W. 2d 759.

It is maintained that the deed is invalid as to Eliza Clark. The evidence shows that Eliza Clark and Jim

Will Clark had not lived together for many years. The deed which she executed recites that she was "a widow." Jim Will Clark filed his answer disclaiming any interest in the property. The Chancellor found that these things cured the infirmity, if any, in the deed. We believe this finding was correct.

The deed to Carrie Harrod was executed in 1942. The consideration recited is the furnishing of a home, the necessities of life, nursing and the expense of medical care during the several months of J. W. (Pig) Foster's last illness, and the assumption of the expense of his funeral and burial, and all his other just debts. We are told that the record was lost for some four years. No evidence was taken until after the record was found. In the meantime, the principals, Louella Foster and Carrie Harrod, had died. The difficulty of obtaining competent evidence is apparent.

We are requested to disregard the irregularities in the record and decide the case on its merits. We have read the record and all of the testimony carefully. It may be that Carrie Harrod endeavored to over-reach her brother and sisters. But after a careful study of the testimony we are at most left in doubt as to this. When we entertain no more than a doubt as to the correctness of the Chancellor's conclusions, the judgment will stand affirmed.

The judgment is affirmed.