**McCULLEY et al. v. RAY et al.**

Court of Appeals of Kentucky.

Oct. 10, 1952.

John S. Deering, Nicholasville, for appellants.

T. J. Underwood, Lancaster, for appellees.

SIMS, Justice.

This action was brought to construe the will of Abe Burton, who died February 2, 1950, a resident of Garrard County. The will was executed on November 5, 1948, and provided for the payment of his debts and named his executor, who was given authority "to sell and convey my property in order to carry out the provisions of this will". The paragraphs involved in the construction of the instrument are the third, fourth and fifth, which read:

"Third: I want the following mentioned real estate sold, namely; three fields as follows: about 25 acres on the north side of the farm, and another field of about 25 acres on the south side of the farm, and another field of about 25 acres lying in the bottom along the Ky. river sold with a road, or passway from this field through the homeplace hereinafter bequeathed to Emma McCulley and her son.

"Fourth: I will and bequeath to Emma McCulley the dwelling house and all the remainder of my land after selling as set out in paragraph third, for and during her life, and at her death same to go to and belong to her son, Hugh Gibson McCulley, however a road is reserved through this place as mentioned above.

"Fifth: I want all the remainder of my property sold, and out of the proceeds of the sale of my property, I give to Hugh Gibson Sanders $1.00, and to Elmer Ray $2000.00, and whatever remains of the proceeds of the sale of above mentioned property after paying above requests and cost of administration I give to Roy Burton, Bessie Burton, Christeen Burton and Henrietta House, in equal amounts."

At the time the will was written and when testator died, he owned a farm of 136.42 acres located in Garrard County as well as some personal property. On May 14, 1949, he purchased a house and lot in Lancaster, and it is the contention of Emma

and her son, Hugh, that under the fourth paragraph, they take the house and lot as well as the balance of the farm land after the three 25 acre tracts are sold. The chancellor construed the will as giving Emma and her son only the farm land and they appeal.

It seems to be the contention of appellants that when testator devised to Emma and Hugh "the dwelling house and all the remainder of my land after selling as set out in paragraph third", it was his intention to give Emma and Hugh all of his real estate, as the generic term "land" included all the real estate he might own at his death, with the exception of the three 25 acre tracts. However, it is evident the word "land" as used in the will refers to farm land. The paragraph which directed the selling of the three 25 acre tracts and provided for the passway through the home-place says "the home place hereinafter bequeathed to Emma and her son". Then in the very next paragraph he devised to Emma "all the remainder of my land after selling as set out in paragraph third".

The wording of the will so clearly expresses testator's intention only to give the farm and the dwelling thereon to Emma for life with remainder to her son, Hugh, after the sale of the three 25 acre tracts, that it is unnecessary to resort to any rules of construction. The fact that the city property was acquired after testator executed his will certainly does not affect his intention here to give Emma and her son only the remaining acreage of his farm and to divide the residue of his estate among the persons named in the fifth paragraph of the will. At the time he wrote his will testator had personal property, a part of which he subsequently invested in the house and lot, and this "after acquired property" represented the part of his personalty which he later converted into real estate. A will speaks from the testator's death as if it had been executed just before he died, unless a contrary intention appears in the will. KRS 394.330. Testator by converting some of his personal property into the house and lot evidenced no intention on his part to devise this city real estate to Emma and Hugh, since the will provided in the fourth paragraph that they take the rest of the farm, and the fifth paragraph reads: "I want all the remainder of my property sold" and the proceeds divided as set out in this paragraph five.

The three 25 acre tracts mentioned in the will were not fenced and it was necessary for the chancellor to appoint commissioners and have a survey made to definitely locate and describe these tracts, as well as the road mentioned in the will. There were some infants involved and the cause was inadvertently submitted and an order entered appointing the commissioners and directing the survey before the guardian ad litem filed answer. When this error was discovered the chancellor set aside the order, permitted the answer of the guardian ad litem to be filed and the cause was resubmitted and practically the same order was entered calling for the survey. In the interim between the entry of the first and second orders, the executor exercised the authority given him by the will and sold the house and lot. Appellants insist that the purchaser of the city property was a necessary party and should have been brought before the court before final judgment was entered. However, appellants did not raise this question of defect of parties, as is provided by Sections 92 and 118 of the Civil Code of Practice, therefore they waived it. Wilcoxson v. Martin, Ky., 129 S.W. 96.

It is further insisted by appellants that the judgment construing the will was premature because it was rendered without the chancellor ruling upon their general demurrer to the petition. The record does not show that appellants insisted upon the chancellor ruling on their demurrer, hence they waived it. Klenekole Mining Co. v. Lusk, 245 Ky. 73, 53 S.W.2d 168; Baker v. Robinson, 273 Ky. 410, 116 S.W.2d 958; Foster's Adm'r v. Gatewood, 314 Ky. 322, 235 S.W.2d 764.

Other questions of procedure are raised by both appellants and appellees, but we do not regard them of sufficient importance to warrant a discussion thereof, since they do not affect a decision of the case.

The chancellor properly construed the will and his judgment is affirmed.