IN RE INTEREST OF C.W., K.W., M.W., AND J.W., CHILDREN
UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, v. D.W., APPELLANT.
469 N.W.2d 535

Filed May 24, 1991. No. 90-356.

Sandra Hernandez Frantz for appellant.

Alicia B. Henderson, Deputy Lancaster County Attorney, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

D.W. appeals the March 12, 1990, order of the separate juvenile court of Lancaster County staying its own order of January 10 as amended nunc pro tunc on January 31, 1990. The

January 10 order terminated the parental rights of D.W. and the respective fathers of her four children, pursuant to Neb. Rev. Stat. § 43-292(1), (2), (4), or (6) (Reissue 1988), and transferred the case to the Rosebud Sioux Tribal Court for placement of the children. Recognizing that an appeal from its order would likely be filed, the juvenile court stayed any change in placement of the children until a final order was issued on appeal. The court entered a nunc pro tunc order on January 31, 1990, amending its original order to provide for the stay. On March 12, the juvenile court granted another stay of the January 10 order as amended January 31, pending appeal and final decision by this court. D.W. filed her appeal of the March 12 stay in the separate juvenile court of Lancaster County on April 12.

We dismiss this appeal for lack of jurisdiction. Neb. Rev. Stat. § 43-2,126 (Reissue 1988) provides that any order or judgment entered by a separate juvenile court may be reviewed by this court within the same time and in the same manner prescribed by law for review of an order or judgment of the district court. Neb. Rev. Stat. § 25-1912(1) (Reissue 1989) requires that the proceedings for reversal, modification, or vacation of judgments rendered or orders made by the district court shall be by filing a notice of appeal in the district court within 30 days of rendition of the judgment or order. Thus, an appeal from an order of a separate juvenile court must be filed within 30 days.

Following the statutory method for computing time found in Neb. Rev. Stat. § 25-2221 (Reissue 1989), we find that D.W. filed her notice of appeal on the 31st day following the March 12 order. Beginning computation on the day following issuance of the order, March 13, 1990, the 30th and last day for appeal fell on Wednesday, April 11, 1990. We therefore dismiss this appeal for lack of jurisdiction by this court.

APPEAL DISMISSED.