IN RE INTEREST OF CONSTANCE G., A CHILD UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V. BETH S., APPELLEE, AND LARRY G., APPELLANT.

520 N.W.2d 784

Filed August 16, 1994.   No. A-93-1034.

Michael J. Shaughnessy, of Shaughnessy & Shaughnessy, for appellant.

Daniel J. Thayer, of Lauritsen, Brownell, Brostrom, Stehlik & Thayer, for appellee Beth S.

Patrick L. Neid, guardian ad litem.

IRWIN, MILLER-LERMAN, and MUES, Judges.

MUES, Judge.

Larry G. appeals the district court's decision which upheld the Howard County Court's final disposition order regarding Constance G., a minor child. The State filed a petition claiming that the minor child was homeless or without proper support through no fault of her parents. Upon a hearing in Howard County Court, sitting as a juvenile court, the court placed the child in the custody of the Department of Social Services (DSS). Larry appealed to the district court, which affirmed the county court's order. Larry alleges that the child should have been placed in his custody or in foster care in Lincoln, where he resides. Because we find the juvenile court did not have jurisdiction over this matter, we do not address Larry's assignments of error.

## STATEMENT OF FACTS

Larry is the natural father of Constance and resides in Lincoln. Larry began dating Constance's mother, Beth S., also a resident of Lincoln, in approximately February 1991. Beth became pregnant, and she moved in with Larry in approximately December 1991. Constance was born in Lincoln on January 1, 1992. On January 12, Beth was involved in an alleged physical altercation with Larry and left with Constance for Dannebrog, where Beth's parents reside. On March 3, Beth's mother talked to a DSS Child Protective Services worker. Beth's mother reported that Beth had been diagnosed, when she was a teenager, as a paranoid schizophrenic and that Beth was currently hearing voices telling her to harm Constance. Constance was placed in a foster care home in Howard County.

On March 11, the Howard County Attorney filed a petition which stated, in pertinent part:

[Constance] is within Howard County, Nebraska, of the age of two months, and is a minor child as defined under

Section 43-247(3)(a), in that on the 10th day of March, 1992, said juvenile:

COUNT I:

is a minor child who is homeless or destitute, or without proper support through no fault of her parent, guardian, or custodian.

The petition named Larry as Constance's father and Beth as Constance's mother. An adjudication was held on March 31 regarding whether Constance was a minor child under Neb. Rev. Stat. § 43-247(3)(a) (Reissue 1988). Beth admitted the allegations in the petition, and Larry entered a plea of no contest. The court requested that a factual basis be established for the petition, and the State offered an affidavit of Carrie Sheldon, a Child Protective Services worker employed by DSS. The court found that "there is sufficient basis for the Petition, and that the admission is knowingly, intelligently, and voluntarily entered into, and accepts said admission. The Court further finds that it has jurisdiction over the minor child by virtue of Section 43-247(3)(a)." The court then set a disposition hearing for June 2. DSS compiled a case plan regarding Constance's reunification with her parents. The case plan required Larry to arrange for a mental health and alcohol evaluation and to make the results of the evaluation available to DSS. In addition, the case plan required Larry to complete a parenting class. Finally, the plan required that Larry provide a DSS caseworker once a month with copies of his paycheck stubs and monthly budget. DSS drafted a visitation plan agreement, in which DSS proposed that Larry be allowed to visit Constance every Monday at 6:30 p.m. in the Grand Island DSS office. At the visitations, Larry's parenting skills would be observed by DSS.

A hearing regarding Constance's disposition was held on June 2, 1992. At that time, Beth had moved back to Lincoln to live with Larry. In addition to the case plan, DSS submitted a court report, which stated that during visitation, Beth exhibited inappropriate behavior toward Constance, including alleged sexual abuse. Larry presented an alternative plan to that of DSS, in which he set forth a daily care plan to ensure that Constance was not left alone with Beth. At the end of the hearing, Larry requested that Constance be placed in his

custody or that the child be placed in foster care in Lincoln, nearer to Larry and Beth.

The Howard County Court held that the DSS case plan was reasonable, was in the best interests of Constance, and "has as its objective eliminating the situation which led to adjudication in this matter." The court adopted the case plan and ordered Beth and Larry to comply with the plan's terms. The court found that reasonable efforts to attain reunification of the family had not been successful and that to order reunification at the time of the disposition hearing would have posed a possible endangerment to the minor child. The court placed legal custody of Constance with DSS, subject to a review in 3 months. Beth did not appeal the Howard County Court's ruling. Larry appealed to the Howard County District Court, which upheld the Howard County Court's order. Larry appeals from the district court's affirmance.

## ASSIGNMENTS OF ERROR

Larry alleges that the district court erred when it upheld the county court's decision to award legal custody of Constance to DSS and when it did not place Constance in a foster care home within a reasonable distance from Lincoln.

## STANDARD OF REVIEW

■ An appeal to the Court of Appeals or the Supreme Court from a juvenile court is reviewed de novo on the record. In that review, findings of fact made by the juvenile court may be accorded weight by the appellate court because the juvenile court observed the parties and the witnesses and made findings as a result thereof. *In re Interest of J. T.B. and H.J.T.*, 245 Neb. 624, 514 N.W.2d 635 (1994).

## ANALYSIS

■ The petition filed by the Howard County Attorney charged that Constance was a minor child as defined under § 43-247(3)(a). Section 43-247 provides: "The juvenile court in each county as herein provided shall have jurisdiction of: . . . (3) Any juvenile (a) who is homeless or destitute, or without proper support through no fault of his or her parent . . . ." The rights of the parents and the provisions regarding the proceedings for an

adjudication to decide whether a court has jurisdiction over a juvenile are governed by Neb. Rev. Stat. § 43-279.01 (Cum. Supp. 1992). Section 43-279.01(2) states:

> After giving the parties the information prescribed in subsection (1) [right to counsel, etc.], the court may accept an in-court admission, an answer of no contest, or a denial from any parent or custodian as to all or any part of the allegations in the petition. The court shall ascertain a factual basis for an admission or an answer of no contest.

The Nebraska Supreme Court has held that an adjudication order in a juvenile court is an appealable order, and an appeal, if not made within 30 days after the order's entry, will be dismissed. *In re Interest of C.W. et al.*, 238 Neb. 215, 469 N.W.2d 535 (1991). However,

> this rule does not apply when the facts pleaded and the facts developed at the adjudication hearing are not sufficient for a juvenile court to acquire jurisdiction of a juvenile. If the pleadings and evidence at the adjudication hearing do not justify a juvenile court's acquiring jurisdiction of a child, then the juvenile court has no jurisdiction, i.e., no power, to order a parent to comply with a rehabilitation plan, nor does the juvenile court have any power over the parent or child at the disposition hearing unless jurisdiction is alleged and proven by new facts at a new adjudication-disposition hearing.

*In re Interest of D.M.B.*, 240 Neb. 349, 352, 481 N.W.2d 905, 909 (1992).

In the present case, Larry did not appeal the adjudication order. However, lack of subject matter jurisdiction may be raised sua sponte by a court. *Scherbak v. Kissler*, 245 Neb. 10, 510 N.W.2d 318 (1994); *In re Interest of D.M.B., supra.* Parties cannot confer subject matter jurisdiction on a court by acquiescence or consent; neither may subject matter jurisdiction be created by waiver, estoppel, or conduct of the parties. *Scherbak, supra.* The evidence presented at the adjudication hearing to support the court's jurisdiction over Constance consisted solely of the affidavit of Sheldon. This was the only evidence that the juvenile court had before it to fulfill its duty to "ascertain a factual basis" for

Beth's "admission" and Larry's "answer of no contest." § 43-279.01(2). Sheldon's affidavit states that Beth was being evaluated at Richard Young Hospital in Kearney for possible admission, that Beth had been diagnosed as a paranoid schizophrenic as a teenager, and that she was currently hearing voices which were telling her to harm Constance.

Although there was mention made of Larry in this affidavit, there was an absence of any evidence from which a factual basis could be ascertained regarding Larry's ability or inability to properly support Constance or his capability to provide a home for the child. On the face of the petition, it was clear that Larry was the child's father, and without the development of sufficient evidence pertinent to Larry, a determination that Constance was homeless, destitute, or without proper support was without any factual support. While the pleadings and evidence were sufficient to support the admission of the mother, Beth, the evidence was insufficient to confer jurisdiction of the court over Constance in the absence of a sufficient factual basis for Larry's no contest plea. Failure to ascertain and recite the factual basis on which the court found jurisdiction over Constance in regard to Larry is plain error. *In re Interest of D.M.B., supra.*

It was imperative that the juvenile court, under the circumstances of this case, make a finding regarding the alleged inadequacies of each parent. Both parents were named in the petition, and an adjudication that the juvenile court has jurisdiction over a minor child is the first step in a process which potentially has grave and permanent consequences to *both* parents. Once jurisdiction over the minor child is found, the disposition of such juvenile found to be without proper support or homeless is governed by Neb. Rev. Stat. § 43-284 (Cum. Supp. 1992), which provides that

the court may permit such juvenile to remain in his or her own home subject to supervision or may make an order committing the juvenile to the (1) care of some suitable institution, (2) care of some reputable citizen of good moral character, (3) care of some association willing to receive the juvenile . . . (4) care of a suitable family, or (5) care and custody of the Department of Social Services.

The court may then order a parent to comply with a rehabilitation or reunification plan established by the court to rectify the problems which gave rise to the court's jurisdiction over the child. Once a rehabilitation plan is adopted by the court, serious penalties redound to those parents who do not comply with the plan. Under Neb. Rev. Stat. § 43-292(6) (Reissue 1988), "when a parent fails to make reasonable efforts to comply with a court-ordered rehabilitative plan, the parent's failure presents an independent reason justifying termination of parental rights." *In re Interest of J.S., A.C., and C.S.*, 227 Neb. 251, 266, 417 N.W.2d 147, 158 (1987).

## CONCLUSION

We find that the Howard County Court, sitting as a juvenile court, did not have jurisdiction over Constance, as there was insufficient evidence presented at the adjudication to support the charge in the petition that Constance was homeless, destitute, or without proper support in regard to Larry, her father, and without such evidence, the court could not, and did not, ascertain a factual basis for Larry's no contest plea at the adjudication proceeding. The court was without jurisdiction to determine Larry's parental rights and the disposition of Constance. We must, therefore, reverse the orders of the district and juvenile courts and remand the cause with directions to dismiss this case for lack of jurisdiction.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.