TERRY L. JONES AND PATRICIA K. JONES, APPELLANTS, V. STATE
OF NEBRASKA, DEPARTMENT OF REVENUE, AND M. BERRI
BALKA, TAX COMMISSIONER, APPELLEES.

532 N.W.2d 636

Filed June 2, 1995.   No. S-94-135.

Robert B. Creager, of Berry, Anderson, Creager & Wittstruck, P.C., for appellants.

Don Stenberg, Attorney General, and L. Jay Bartel for appellees.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ., and BUCKLEY, D.J.

WRIGHT, J.

Terry L. Jones and Patricia K. Jones brought this action against the State of Nebraska, Department of Revenue (Department), and State Tax Commissioner M. Berri Balka.

The Joneses sought declaratory and injunctive relief in a petition which alleged that Neb. Rev. Stat. § 77-1783 (Reissue 1990) is unconstitutional on its face and as applied to the Joneses. The district court ruled that it lacked jurisdiction to grant the requested relief and dismissed the case. The Joneses appeal.

## SCOPE OF REVIEW

In an appeal from a declaratory judgment, an appellate court, regarding questions of law, has an obligation to reach its conclusion independent from the conclusion reached by the trial court. *County of Lancaster v. State*, 247 Neb. 723, 529 N.W.2d 791 (1995).

## FACTS

The case was tried to the court based upon the following stipulated facts: Terry Jones was the president and treasurer of Jones Oil Company, Inc. (Jones Oil), and Patricia Jones was the secretary. Jones Oil sold motor vehicle fuel products which were subject to various state and federal taxes, including Nebraska motor vehicle fuel taxes. Jones Oil ceased operations sometime after February 1, 1990, when the U.S. Internal Revenue Service seized all records of the company.

For the period of January 1 through March 31, 1990, Jones Oil filed Nebraska motor vehicle fuel tax returns with the Department, reporting sales or transfers of motor vehicle fuels upon which excise taxes were due. Jones Oil made no payment of the tax liability at the time the returns were filed, but subsequently remitted payments and credits totaling $33,474.56. The last payment made by Jones Oil was received by the Department in July 1990.

By letters dated August 24, 1990, the Department issued each of the Joneses a "Notice of Proposed Determination of Personal Liability," advising them that the Department intended to seek payment of the motor vehicle fuel taxes from them as corporate officers liable for payment under § 77-1783. On September 21, Terry Jones sent to the Department a letter which he characterized as a formal protest of the proposed determination of personal liability. On October 1, the Department notified him that

[p]rovisions for an oral hearing do not apply to a Notice of Proposed Determination of Personal Liability until the liability is actually personally assessed and the tax, penalty, and interest is paid in full, or a bond is posted to cover the outstanding liability. The department does wish to informally hear any argument you wish to present establishing why you should not be held personally liable for these taxes.

Terry Jones then requested a meeting to discuss the personal liability for the taxes. On October 30, 1990, Terry Jones and two certified public accountants designated as his representatives met with representatives of the Department. Following the meeting, one of the accountants sent a letter to the Department "to restate our position as outlined at our meeting on October 30, 1990." The letter stated that Jones Oil did not dispute the liability as determined by the Department, but that Jones Oil wanted to "apply credits from taxes paid, within the statute of limitations, on customer accounts that have been determined to be worthless."

On June 13, 1991, the Department issued to each of the Joneses a "Notice and Demand for Payment," demanding payment of the unpaid taxes plus a penalty and interest totaling $51,451.09. The demand for payment was based upon the Department's determination that as officers of the company, the Joneses were personally liable under § 77-1783 for payment of the taxes. Terry Jones responded by a letter of June 18, reiterating the position outlined in the accountant's letter.

In July 1991, the Joneses each filed with the Department a document entitled "Administrative Appeal of Notice of Tax Liability and Demand for Hearing." The Joneses demanded a prompt hearing on the determination that they were personally liable for any corporate taxes. The documents stated that the Joneses were not financially able to pay the taxes and that it was unconstitutional to require payment of the taxes as a precondition to a hearing. In response, the Department advised the Joneses that it could not accept the "Administrative Appeal of Notice of Tax Liability and Demand for Hearing" as a properly filed refund claim and that the Department could not grant a formal hearing on the tax liability unless the statutory

requirements of § 77–1783 were timely met.

In August 1991, the Joneses instituted this action for declaratory and injunctive relief, challenging the assessment procedure set forth in § 77–1783. The Joneses' petition asserted that the district court had jurisdiction to hear the constitutional claims and stated that the Joneses were "without funds and/or resources in which to either pay the tax, or post a bond for the tax, and as such, are not able to comply with the provisions of Neb. Rev. Stat. § 77–1783."

The Joneses assert a violation of due process, claiming § 77–1783(2) and (3) is unconstitutional on its face under article I, § 3, of the Nebraska Constitution and the 14th Amendment to the U.S. Constitution because § 77–1783(1) permits the Department to make a determination of law as to personal liability without adequate and proper notice and hearing, the Joneses' right to a hearing or an appeal from the liability determination is contingent upon payment of the taxes, and § 77–1783 provides for no meaningful and timely judicial review of the Department's determination of liability.

The Joneses also assert a deprivation of their right to equal protection, as guaranteed by the 14th Amendment to the U.S. Constitution, in that they are treated differently than similarly situated taxpayers who protest income tax liability determinations under Neb. Rev. Stat. §§ 77–2776 through 77–2778 (Reissue 1990). Those taxpayers are afforded a hearing pursuant to § 77–2778 without being required to pay the disputed tax or post a bond. The Joneses allege that § 77–1783 discriminates against those who are unable to pay the taxes and those who are indigent.

The Joneses requested a determination of the constitutionality of § 77–1783 and a permanent injunction barring collection of the taxes until they are given notice and a meaningful judicial review of the Department's determination. The district court initially granted a temporary injunction. The court subsequently determined that it did not have jurisdiction to grant the requested relief, vacated the temporary injunction, and dismissed the action.

## ASSIGNMENTS OF ERROR

The Joneses claim that the district court erred in finding that

it lacked jurisdiction and in failing to conclude that the provisions of § 77–1783 are unconstitutional as applied to the Joneses.

## ANALYSIS

### JURISDICTION

We first address the district court's determination that it did not have jurisdiction to grant the relief prayed for in the Joneses' petition. The district court referred to Neb. Rev. Stat. § 77–3908(1) (Reissue 1990), which prohibits any action to enjoin the collection of a tax. The court stated: "Even if this court did have jurisdiction it appears that Neb Rev Stat section 77–1783 (2) and (3) does not either on its face or as applied to the plaintiffs, violate plaintiffs['] rights to due process or equal protection of the law."

Whether a question is raised by the parties concerning jurisdiction of a lower court or tribunal, it is not only within the power but the duty of an appellate court to determine whether the appellate court has jurisdiction over the matter before it. *WBE Co. v. Papio–Missouri River Nat. Resources Dist.*, 247 Neb. 522, 529 N.W.2d 21 (1995). When no factual dispute is involved, determination of a jurisdictional issue is a matter of law which requires an appellate court to reach a conclusion independent from the trial court's conclusion on the issue. *Bradley v. Hopkins*, 246 Neb. 646, 522 N.W.2d 394 (1994). Because there is a distinction between subject matter jurisdiction and the court's power to grant the relief requested, we find that the district court had authority to hear an action for declaratory judgment as an appropriate method to challenge the constitutionality of a tax statute. See *Mullendore v. School Dist. No. 1*, 223 Neb. 28, 388 N.W.2d 93 (1986).

We next consider whether the district court had the authority to grant injunctive relief on behalf of the Joneses. Neb. Rev. Stat. § 77–1727 (Cum. Supp. 1994) provides that no injunction shall be granted to restrain the collection of any tax unless the tax was levied or assessed for an illegal or unauthorized purpose. Injunctive relief is available in Nebraska where a tax is void, that is, where the taxing body does not have jurisdiction or power to impose the tax. *Id.* See, also, *Morris v. Merrell*, 44

Neb. 423, 62 N.W. 865 (1895). Thus, injunctive relief is available only where the tax is void or levied for an illegal or unauthorized purpose. See *Ganser v. County of Lancaster*, 215 Neb. 313, 338 N.W.2d 609 (1983). The Joneses did not claim that the Department did not have power to impose the taxes, resulting in a void tax, or that the taxes were levied for an illegal or unauthorized purpose. Therefore, pursuant to § 77-1727, the district court did not have authority to grant injunctive relief.

The district court also lacked the authority to grant an injunction because in attempting to collect the taxes assessed against the Joneses, the Department proceeded under § 77-1783(1), which provides:

> Any corporate officer or employee with the duty to collect, account for, or pay over any taxes imposed upon a corporation . . . shall be personally liable for the payment of such taxes . . . . Such taxes shall be collected in the same manner as provided under the Uniform State Tax Lien Registration and Enforcement Act.

The Uniform State Tax Lien Registration and Enforcement Act provides in pertinent part:

> (1) No injunction . . . shall issue in any suit, action, or proceeding in any court against this state to enjoin the collection of any tax, fee, or any amount of tax required to be collected under any tax program administered by the Tax Commissioner.
>
> (2) The methods of enforcement and collection provided in the Uniform State Tax Lien Registration and Enforcement Act . . . shall be fully independent so that pursuit of any one method shall not be conditioned upon pursuit of any other, nor shall pursuit of any one method in any way affect or limit the right of the Tax Commissioner to subsequently pursue any of the other methods of enforcement or collection.

§ 77-3908. The right of the Joneses to seek an injunction is therefore expressly prohibited by §§ 77-1727 and 77-3908. We hold that the district court correctly determined that it could not grant injunctive relief to the Joneses.

## DECLARATORY JUDGMENT

We next address the second part of the district court's order. The court stated that even if it had jurisdiction, "it appears that Neb Rev Stat section 77–1783 (2) and (3) does not either on its face or as applied to the plaintiffs, violate plaintiffs['] rights to due process or equal protection of the law."

The Joneses filed their petition as a declaratory judgment action. Pursuant to Neb. Rev. Stat. § 25–21,149 (Reissue 1989), a declaratory judgment is available to test the constitutionality of a tax statute. *Mullendore v. School Dist. No. 1*, 223 Neb. 28, 388 N.W.2d 93 (1986). The Uniform Declaratory Judgments Act provides for the determination of issues which if otherwise delayed might result in injury to the parties. See, *Mullendore, supra*; *Murphy v. Holt County Committee of Reorganization*, 181 Neb. 182, 147 N.W.2d 522 (1966). The act is remedial, and its sections are to be liberally construed and administered. See Neb. Rev. Stat. § 25–21,160 (Reissue 1989).

In *Mullendore*, we stated that the availability of other remedies is a factor bearing upon a trial court's discretionary decision to entertain an action for a declaratory judgment. The trial court has discretion to refuse such action where another equally serviceable remedy has been provided by law. See, *Zarybnicky v. County of Gage*, 196 Neb. 210, 241 N.W.2d 834 (1976); *Murphy, supra*.

In the present case, the Department elected to proceed under § 77–1783, which provides in part:

(2) Within sixty days after the day on which the notice and demand are made for the payment of such taxes, any corporate officer or employee seeking to challenge the Tax Commissioner's determination as to his or her personal liability for the corporation's unpaid taxes shall:

(a) Pay the full amount of the taxes or the specified minimum amount and post a bond for the remainder; and

(b) File a claim for refund for the amount so paid.

(3) If the requirements prescribed in subsection (2) of this section are satisfied, the Tax Commissioner shall abate collection proceedings and shall grant the corporate officer or employee an oral hearing and give him or her ten days' notice of the time and place of such hearing.

Pursuant to Neb. Rev. Stat. § 77-1781 (Reissue 1990), the denial, in whole or in part, of a claim for refund shall be considered a final action of the Tax Commissioner. The denial may be appealed, and the appeal shall be in accordance with the Administrative Procedure Act.

In *Mullendore*, we held that the remedy found in Neb. Rev. Stat. § 77-1735 (Cum. Supp. 1984), which was premised upon payment of the tax prior to contesting the validity of the tax, was not an equally serviceable remedy to challenge the constitutionality of a tax statute. We also stated that an action for declaratory relief was an appropriate method to challenge the constitutionality of a tax statute. We find that the same reasoning applies to the Joneses' situation.

## CONSTITUTIONALITY

Having determined that a declaratory judgment action is appropriate under the facts of this case, we next address the Joneses' claim that § 77-1783(2) and (3) is unconstitutional on its face and as applied to the Joneses. The bases of the Joneses' constitutional attack are that the taxes were levied without a hearing and that no administrative or judicial review was provided.

We recently addressed a similar argument in *Boll v. Department of Revenue*, 247 Neb. 473, 528 N.W.2d 300 (1995). In that case, we affirmed the district court's holding that Neb. Rev. Stat. § 77-4312(4) (Cum. Supp. 1994) violated due process as applied to the Bolls. The Bolls contended that the statute deprived indigent parties of due process by requiring the payment of tax and security as a jurisdictional prerequisite for a redetermination hearing.

The Bolls filed affidavits indicating that they were each without sufficient funds to pay the tax and penalty or post security therefor and that they could not borrow funds due to the tax lien filed against their real estate by the Department of Revenue. We held that the denial of a redetermination hearing prevented the Bolls from exhausting all administrative remedies, a necessary preliminary step in seeking judicial review of the assessed tax, and that § 77-4312(4) as applied to indigent individuals is unconstitutional. We also found that the statute is

an unconstitutional and invalid delegation of legislative authority and power to an executive or administrative officer of the state because it did not provide definite standards for determining the amount of a suitable security for the assessed tax.

In the case at bar, § 77-1783 does not permit the Joneses to obtain further administrative or judicial review unless they either pay the full amount of the taxes, or pay a specified minimum amount and post a bond, and then file a claim for a refund. The Tax Commissioner did not specify a minimum amount for posting a bond, so we do not address that issue. The denial of a claim for a refund is, however, a prerequisite for obtaining review in accordance with the Administrative Procedure Act. See § 77-1781. Because the Joneses did not pay any part of the tax, they could not file a claim for refund and could not obtain review under the Administrative Procedure Act.

One remedy available to the Department for collection of the taxes, now found under Neb. Rev. Stat. § 66-722(4) (Cum. Supp. 1994), provides for review under the Administrative Procedure Act without payment of the tax. Section 77-1783, the method elected by the Department, does not. Thus, through arbitrary selection by the Department, the taxpayer can be denied judicial review unless the taxes are paid and a claim for a refund is sought within 60 days of the notice and demand for payment.

The Department argues that the Joneses' due process claim is in conflict with our holding in *Frye v. Haas*, 182 Neb. 73, 152 N.W.2d 121 (1967). The Department argues that under *Frye*, the availability of collateral remedies to taxpayers seeking to challenge the validity of an assessment is sufficient to constitute due process. In *Frye*, the tax in question was an ad valorem tax, meaning that the amount depended on the value of the taxpayer's property. The taxpayer was given notice of the tax by statute, and the taxpayer had a full opportunity to be heard and to appeal as to valuation and equalization. The statute under consideration bypassed the statutory procedure in which the county board of equalization set the levies for cities, school districts, and other governmental subdivisions within 14 days

after the action of the State Board of Equalization and Assessment. The taxpayer could appeal from this action, but the grounds of appeal were restricted, and the collection process could not be impeded. The plaintiffs contested this deviation from established tax procedure.

In *Frye*, we cited *Nickey v. Mississippi*, 292 U.S. 393, 54 S. Ct. 743, 78 L. Ed. 1323 (1934), for the proposition that

"[t]here is no constitutional command that notice of the assessment of a tax, and opportunity to contest it, must be given in advance of the assessment. It is enough that all available defenses may be presented to a competent tribunal *before exaction of the tax* and *before the command of the state to pay it becomes final and irrevocable. . . .*"

(Emphasis supplied.) *Frye*, 182 Neb. at 76, 152 N.W.2d at 124–25.

In the case at bar, the Joneses were not allowed to contest the assessment without first paying the taxes. Before judicial review of an assessment is available under the Administrative Procedure Act, the taxpayer must pay the taxes, or some part thereof as determined at the discretion of the Tax Commissioner and a bond, and then file a claim for a refund within 60 days, which refund must then be refused.

If the Joneses did not pay the taxes or post a bond and file a claim for a refund within 60 days, the Tax Commissioner was directed to collect the taxes under the Uniform State Tax Lien Registration and Enforcement Act. The act provides that the amount of any unpaid taxes shall be a lien in favor of the state, which shall remain in effect for 3 years from the time of the assessment or for 5 years from the filing for record. See § 77-3904(1). The Tax Commissioner may, within the same time limits, bring an action to enforce the lien and collect the taxes. § 77-3905(1). The lien may, within 5 years from the date of the filing for record, be extended for an additional 5 years. See § 77-3904(4). Thus, the taxpayer may remain in limbo while the Tax Commissioner continues to extend the lien against the property, and the taxpayer is not given an opportunity to be heard. This does not comport with procedural due process. A taxpayer who is financially unable to pay the tax should be given an opportunity for judicial review of the assessment prior to payment of the tax.

## CONCLUSION

The alleged unconstitutionality of a statute presents a question of law which must be determined by an appellate court independently from the conclusion reached by the trial court. *Boll v. Department of Revenue*, 247 Neb. 473, 528 N.W.2d 300 (1995); *State v. Popco, Inc.*, 247 Neb. 440, 528 N.W.2d 281 (1995). The burden of establishing that a statute is unconstitutional rests upon the party claiming the statute is unconstitutional. *City of Ralston v. Balka*, 247 Neb. 773, 530 N.W.2d 594 (1995). We find that the Joneses have met that burden. Due process of law was not afforded to the Joneses, who were effectively denied access to judicial review because they were financially unable to pay the taxes or post a bond as a prerequisite to obtaining review under the Administrative Procedure Act. We therefore conclude that § 77-1783 as applied to persons who are unable to pay the taxes or post a bond unconstitutionally deprives them of due process. The judgment of the district court is reversed.

REVERSED.