In re Interest of Alex T., a child under 18 years of age. State of Nebraska, appellant, v. Kimberly T. and Ernest T., appellees, and Donald F. and Sheila M. Ebbers, intervenors—appellees.
In re Interest of Kile P., a child under 18 years of age. State of Nebraska, appellant, v. Kimberly T., appellee, and Donald F. and Sheila M. Ebbers, intervenors—appellees.
In re Interest of Krystal P., a child under 18 years of age. State of Nebraska, appellant, v. Kimberly T. and John P., appellees, and Donald F. and Sheila M. Ebbers, intervenors—appellees.

540 N.W.2d 310

Filed December 1, 1995.   Nos. S-95-077, S-95-082, S-95-083.

Don Stenberg, Attorney General, Royce N. Harper, and James L. Hatheway, Special Assistant Attorney General, for appellant.

Jerry L. Shelton, Deputy Gage County Attorney.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

WRIGHT, J.

The Nebraska Department of Social Services (Department) petitions this court for further review of the Nebraska Court of Appeals decision which dismissed these consolidated appeals for lack of jurisdiction. Krystal P., Kile P., and Alex T. were adjudicated as children lacking proper parental care under Neb. Rev. Stat. § 43–247(3)(a) (Reissue 1993). In its order of January 9, 1995, the juvenile court disapproved the Department's case plan for the three children and implemented its own plan. The Department appealed the order directly to the Court of Appeals without requesting review by a juvenile review panel as provided under Neb. Rev. Stat. §§ 43–287.01 to 43–287.06 (Reissue 1993 & Cum. Supp. 1994). The Court of Appeals summarily dismissed the appeals for lack of jurisdiction, and we granted further review.

## SCOPE OF REVIEW

Whether a question is raised by the parties concerning jurisdiction of a lower court or tribunal, it is not only within the power, but it is the duty of an appellate court to determine whether the appellate court has jurisdiction over the matter before it. *Jones v. State, ante* p. 158, 532 N.W.2d 636 (1995).

A jurisdictional question that does not involve a factual dispute is a matter of law; therefore, an appellate court reaches a conclusion independent from that of the trial court. *Id.*

## FACTS

This opinion involves three appeals which were consolidated by the Court of Appeals on April 27, 1995. Kimberly T. is the mother of Krystal, Kile, and Alex. Krystal's father is John P., Alex's father is Ernest T., and the father of Kile is unknown. Each child has been adjudicated under § 43-247(3)(a) and placed in the custody of the Department. Relinquishments and consents to adoption were signed by Kimberly regarding Krystal and Kile and by John regarding Krystal.

On July 5, 1994, the juvenile court determined that it did not have jurisdiction to determine the validity of the relinquishments and consents. Petitions for adoption of Krystal and Kile were filed by Donald F. and Sheila M. Ebbers in Gage County Court on or about July 14. The Department subsequently intervened to challenge the validity of the parents' relinquishments and consents.

On November 8, 1994, the Gage County Court found that the relinquishments and consents were valid without the consent of the Department or the juvenile court and that there was no authority to support the Department's claim that its consent was required for the adoptions to go forward. The Department appealed the validity of the relinquishments and consents to the Gage County District Court, which affirmed the county court and ordered the cases remanded to the county court for further adoption–related activities. The Department appealed to the Court of Appeals, and we removed that case to our docket. See *In re Adoption of Krystal P. & Kile P., post* p. 907, 540 N.W.2d 312 (1995).

In the present case, the Department appeals the January 9, 1995, order of the county court for Gage County, sitting as a juvenile court. The order stated that by early 1993, all three children had been placed in foster care. Upon a hearing on the Ebberses' motion to change the custody from foster care to the Ebberses, the court found no evidence that the Ebberses were unfit as custodians or prospective adoptive parents. The court noted that the Department's opposition was based upon the Department's belief that its consent was a prerequisite for any adoption proceedings and upon an opinion that the foster parents were "better" adoptive parents than the Ebberses.

The juvenile court found by a preponderance of the evidence that the Department's plan for the children was contrary to the best interests of the children and disapproved the Department's plan. The court set forth a plan pursuant to Neb. Rev. Stat. § 43-285 (Reissue 1993) with the goal being adoption of the children by either the Ebberses or the foster parents.

The Department appealed directly to the Court of Appeals, which issued an order to show cause why the cases should not be dismissed for lack of jurisdiction. In response to this order, the Department asserted that the juvenile review panel did not have authority to deal with evidentiary and procedural errors committed by the trial court because the panel's jurisdiction was limited to approving or modifying the case plan. The Court of Appeals subsequently dismissed the appeals for lack of jurisdiction, stating that the Department must first appeal to the juvenile review panel.

## ASSIGNMENTS OF ERROR

The Department asserts that the Court of Appeals erred in (1) ruling that it did not have jurisdiction to hear the appeals, (2) not ruling that the juvenile review panel had limited jurisdiction, and (3) not ruling that the juvenile court made numerous evidentiary errors which the juvenile review panel did not have authority to rule upon because of its limited jurisdiction.

## ANALYSIS

The Department assigns a number of evidentiary errors in its petition for further review. We do not reach these issues, as we address only the jurisdiction of the juvenile review panel.

In *In re Interest of M.J.B.*, 242 Neb. 671, 496 N.W.2d 495 (1993), the county court, sitting as a juvenile court, directed the juvenile's father to undergo therapy and ordered the Department of Social Services to pay for the therapy. The department disagreed with the order and sought review by the district court. The issues were whether the order the department appealed to the district court fell within the statutory scheme of providing for expedited review of certain juvenile dispositions by a juvenile review panel found in §§ 43-287.01 through 43-287.06 and whether such expedited appeal was the sole avenue of review.

Expedited review to the juvenile review panel occurs when a court orders the implementation of a plan for the care and placement of the juvenile different than the plan prepared by the Department and the Department believes that the court–ordered plan is not in the best interests of the juvenile. The contested dispositional plans are removed from the appellate process for purposes of expediting review.

We held in *In re Interest of M.J.B.* that if such conditions exist, the expedited appeal to the juvenile review panel is the sole avenue of review available to the Department. In the case at bar, the juvenile court disapproved of the Department's plan and implemented a different plan. The Department did not believe that the court's plan was in the best interests of the juveniles. Therefore, under our holding in *In re Interest of M.J.B.*, the expedited review to the juvenile review panel is the sole avenue of review available to the Department. Accordingly, the Court of Appeals properly dismissed the appeals for lack of jurisdiction.

The judgment of the Court of Appeals is affirmed, and the causes are remanded to the juvenile review panel for proceedings consistent with this opinion.

AFFIRMED AND REMANDED WITH DIRECTIONS.