SWAIN CONSTRUCTION, INC., APPELLANT, V. READY MIXED CONCRETE CO. AND LYMAN-RICHEY CORPORATION, APPELLEES.
542 N.W.2d 706

Filed January 30, 1996. No. A-94-507.

Monte Taylor, of Taylor, Connolly & Kluver, for appellant.

Neil B. Danberg, Jr., and Conal L. Hession, of Kennedy, Holland, DeLacy & Svoboda, for appellees.

HANNON, IRWIN, and MILLER–LERMAN, Judges.

MILLER–LERMAN, Judge.

Plaintiff–appellant, Swain Construction, Inc. (Swain), appeals the May 16, 1994, order of the district court for Douglas County, Nebraska, which dismissed Swain's petition against defendants–appellees, Ready Mixed Concrete Co. and Lyman–Richey Corporation (collectively Ready Mixed). For the reasons recited below, we dismiss for lack of jurisdiction.

## PROCEDURAL HISTORY

Swain filed its petition against Ready Mixed on January 7, 1994. Swain alleged two theories of recovery in the petition: (1) tortious interference with a business relationship or expectancy

and (2) unlawful restraint of trade under Neb. Rev. Stat. § 59–805 (Reissue 1993) (part of the Junkin Act). Ready Mixed demurred to Swain's petition on February 7, contending that Swain's petition failed to state a cause of action upon which relief may be granted. After a hearing on the demurrer on February 22, the district court sustained the demurrer and gave Swain 2 weeks to file an amended petition. Swain did not amend its petition within the 2–week period following the demurrer or at a later date.

On March 21, 1994, Swain appealed the district court's ruling sustaining the demurrer to this court (first appeal). On May 5, this court summarily dismissed Swain's appeal under Neb. Ct. R. of Prac. 7A(2) (rev. 1992) for lack of jurisdiction, as the district court's sustaining of the demurrer without an order of dismissal did not constitute a final, appealable order. Prior to the June 10 issuance of the mandate by this court, on May 16, the district court dismissed Swain's petition, making this notation in its journal: "Amended Petition having not been filed within time limit, case is dismissed." On May 18, Swain filed its current appeal with this court (second appeal). The second appeal challenges the district court's actions in sustaining Ready Mixed's demurrer and in dismissing Swain's petition.

## JURISDICTION

■ Ready Mixed claims that this court does not have jurisdiction to hear Swain's second appeal because the district court's May 16, 1994, dismissal of Swain's petition prior to the issuance of this court's mandate regarding the first appeal is not a final, appealable order. The basis of Ready Mixed's contention is that due to Swain's first appeal, the district court did not reacquire jurisdiction of this case until after this court issued its mandate on June 10. Therefore, Ready Mixed argues that the district court did not have jurisdiction to dismiss this case on May 16, prior to the issuance of the mandate, in which case the dismissal would be null, void, and a nonfinal order from which Swain cannot appeal. Ready Mixed relies on *Chapman v. Universal Underwriters Ins.*, 549 So. 2d 679 (Fla. App. 1989), and similar cases in support of the contention that

an appellate court has jurisdiction to determine whether it has appellate jurisdiction and that such consideration deprives the trial court of jurisdiction to dispose of the case after an interlocutory appeal. Ready Mixed argues that the trial court is generally divested of jurisdiction over the case until an appellate court renders a final determination, which ordinarily occurs when the appellate court issues its mandate. See *Leitz v. Roberts Dairy*, 239 Neb. 907, 479 N.W.2d 464 (1992). See, also, *State v. Joubert*, 246 Neb. 287, 518 N.W.2d 887 (1994). Ready Mixed thus contends that the trial court's order of dismissal of May 16, prior to the issuance of this court's mandate on June 10, was an extrajudicial act from which an appeal does not lie.

Swain argues that this court has properly acquired jurisdiction over its second appeal. Swain claims that the first appeal, taken from the sustaining of the demurrer, was an appeal from a nonfinal order which was not appealable and that an appeal from an order that is not appealable does not divest the trial court of jurisdiction over the case. Swain thus argues that the trial court retained jurisdiction of the case and properly exercised that authority in entering its order of dismissal on May 16, 1994, from which Swain now appeals. Swain relies on 5 Am. Jur. 2d *Appellate Review* § 424 at 172 (1995), in which it is stated that a "notice of appeal that is premature or patently frivolous is . . . insufficient to deprive the trial court of jurisdiction to proceed in the case." This proposition relies on the jurisprudence of several states, not including Nebraska. Swain also cites to *Doolittle v. American Nat. Bank of Omaha*, 58 Neb. 454, 78 N.W. 926 (1899), in which the trial court proceeded to try the case, notwithstanding the pendency of an error proceeding. *Doolittle* does not appear to be consistent with the more recent Nebraska cases referred to below disapproving of concurrent jurisdiction.

The Nebraska cases consistently hold that an appellate court has jurisdiction to determine whether it has jurisdiction. See, e.g., *WBE Co. v. Papio–Missouri River Nat. Resources Dist.*, 247 Neb. 522, 529 N.W.2d 21 (1995); *R–D Investment Co. v. Board of Equal. of Sarpy Cty.*, 247 Neb. 162, 525 N.W.2d 221 (1995). It has also been held that an appellate court has a duty to determine whether the lower court had the power

to enter the judgment or order sought to be reviewed. *In re Interest of L.D. et al.*, 224 Neb. 249, 398 N.W.2d 91 (1986); *Glup v. City of Omaha*, 222 Neb. 355, 383 N.W.2d 773 (1986). Thus, the Nebraska Supreme Court has found various orders by the trial courts entered after the perfection of the appeal to be nullities. See, e.g., *WBE Co., supra* (holding that trial court lacked jurisdiction to award attorney fees after perfection of appeal from prior order denying motion for new trial); *Zeeb v. Delicious Foods*, 231 Neb. 358, 436 N.W.2d 190 (1989) (holding that trial court lacked jurisdiction to strike party's written offer of proof regarding alleged irregularities in connection with jury deliberations after perfection of appeal on merits of case). For the sake of completeness, we note that contrary to the general policy against concurrent jurisdiction, certain actions of the trial court following perfection of an appeal have been treated as proper either by statute or case law. See, e.g., Neb. Rev. Stat. § 42–351(2) (Reissue 1993) (providing in dissolution actions that when appeals are pending, trial court may continue to make necessary orders regarding child custody, visitation, and support); *State v. Schmailzl*, 248 Neb. 314, 534 N.W.2d 743 (1995); *Flora v. Escudero*, 247 Neb. 260, 526 N.W.2d 643 (1995) (holding that trial court may rule on in forma pauperis motion notwithstanding perfection of an appeal).

A review of the Nebraska case law shows that while a case is on appeal, the trial court ordinarily cannot take action in the case, and "in order for the inferior court to reacquire jurisdiction, it must take action on [an appellate] court's mandate." *Joubert*, 246 Neb. at 299, 518 N.W.2d at 895. It has been stated that action taken pursuant to a Nebraska Supreme Court opinion prior to the issuance of the Nebraska Supreme Court's mandate is inappropriate because the opinion is "not a final determination of the matter until a mandate has been issued." *Leitz*, 239 Neb. at 910, 479 N.W.2d at 467. Thus, where the statutory language stated that an award of the Workers' Compensation Court cannot be enforced until it has become "conclusive upon the parties at interest," Neb. Rev. Stat. § 48–188 (Reissue 1988), the Nebraska Supreme Court stated that "[a] mandate from this court is required to reinvest

the compensation court with jurisdiction." *Leitz*, 239 Neb. at 910, 479 N.W.2d at 467.

In connection with mandates, we note that Neb. Ct. R. of Prac. 2F(7) (rev. 1992) provides for this court to issue mandates only after the expiration of the time allowed for filing a petition for further review, which is the 30-day period following the order of this court. If the petition for further review is sustained, the mandate will not issue during the pendency of the appeal in the Nebraska Supreme Court or within 30 days after the appellate order. Neb. Ct. R. of Prac. 14A(1) (rev. 1992) provides that the mandate shall not issue during the time allowed for the filing of a motion for rehearing or petition for further review, or pending consideration thereof. Rule 14B(1) provides that certain costs shall be taxed and itemized on the mandate. A mandate is issued in cases where the Nebraska Supreme Court or this court has determined that the appellate court lacked jurisdiction, and the issuance of the mandate follows the opinion or order of dismissal by a time sufficient to permit the filing of the motions provided for in rule 14A(1) and the taxing of costs pursuant to rule 14B(1). Thus, although the dismissal of an appeal for lack of jurisdiction may be evident from the substance of an appellate court's opinion or order, the dismissal is not accomplished until the issuance of the mandate.

We are aware of the cases, consistent with the quoted language from the legal encyclopedia relied on by Swain, in which it has been held that where an appeal was from a nonappealable order, jurisdiction did not rest in the appellate court, and the trial court could proceed with the case. See, e.g., *U.S. v. Green*, 882 F.2d 999 (5th Cir. 1989); *Welch v. City of Evanston*, 181 Ill. App. 3d 49, 536 N.E.2d 866 (1989); *Camp v. Jiminez*, 107 Idaho 878, 693 P.2d 1080 (1984). We are also aware of *Szafranski v. Radetzky*, 31 Wis. 2d 119, 141 N.W.2d 902 (1966), in which the Supreme Court of Wisconsin concluded it had jurisdiction over an appeal challenging the sustaining of a demurrer with leave to replead. In *Szafranski*, the Supreme Court of Wisconsin stated that the sustaining of the demurrer was an appealable order and that the filing of appellate briefs by the appellees, in the absence of a motion to

dismiss the appeal, waived the appellees' potential challenge to appellate jurisdiction. We note that, in contrast to *Szafranski*, the Nebraska Supreme Court has clearly indicated that an order sustaining a demurrer with leave to replead, in the absence of an order of dismissal, is not a final order from which an appeal may be taken. *Schaad v. Simms*, 240 Neb. 758, 484 N.W.2d 474 (1992). In *Schaad*, the trial court sustained a demurrer with leave to replead. The plaintiffs appealed. The Nebraska Supreme Court in 1992 dismissed the appeal for lack of jurisdiction. The plaintiffs returned to the district court, obtained a dismissal, and filed a second appeal, the merits of which were ruled upon in 1994 in an opinion of this court. *Schaad v. Sims*, 94 NCA No. 16, case No. A–92–903 (not designated for permanent publication). Based on the foregoing, we find the non–Nebraska authority cited by Swain to be inconsistent with Nebraska jurisprudence.

We are aware of a line of cases in which the appeal lacked a final, appealable order and the appellate court awaited a final order and reinstated the appeal. See, e.g., *Knox v. Dick*, 99 Nev. 514, 665 P.2d 267 (1983); *Sloman v. Florida Power and Light Co.*, 382 So. 2d 834 (Fla. App. 1980); *Armes v. Louisville Trust Co.*, 306 Ky. 155, 206 S.W.2d 487 (1947). We are also aware of the cases that for the sake of efficiency and judicial economy conclude that notwithstanding the absence of an order of dismissal, where it is clear that the trial court intends a dismissal, the "deficiency in form" does not preclude an appeal. See *Fernald v. Maine State Parole Bd.*, 447 A.2d 1236, 1238 (Me. 1982). See, also, *Lovellette v. Southern Ry. Co.*, 898 F.2d 1286 (7th Cir. 1990). The outcomes in these cases are generally based on the invocation of the rules of civil procedure or local rules which provide for the appeal of a certified portion of a case or provide a mechanism for placing an appeal in limbo while awaiting a final order or judicially sanctioned solutions created for the stated purpose of judicial efficiency and do not serve as precedent in Nebraska.

■ Under Nebraska jurisprudence, an appellate court has jurisdiction to determine if it has jurisdiction. An appellate dismissal based on lack of jurisdiction is followed by a mandate. The general policy in Nebraska is against concurrent

jurisdiction of trial and appellate courts. In the instant case, while the appeal of the nonfinal order was pending in this court, the trial court was without authority to enter an order of dismissal, even though the interlocutory appeal pending before this court was dismissed for lack of jurisdiction. This court had jurisdiction of the case to determine if it had jurisdiction and retained such jurisdiction until the issuance of the mandate, depriving the trial court of jurisdiction to dispose of the case during the pendency of the first appeal. The first appeal was, in effect, pending in this court on May 16, 1994, when the trial court ordered the case dismissed prior to issuance of this court's mandate on June 10. The second appeal, from the May 16 order of dismissal, is an appeal from an order which the trial court was not authorized to enter. An appeal from an extrajudicial order does not confer jurisdiction upon this court.

We recognize the potential efficiency, employed by some jurisdictions noted above, of permitting the trial court to somehow enter an order of dismissal during the pendency of an appeal, such as by maintaining the appeal in limbo or reinstating the appeal, thus converting a nonappealable order into an appealable order. Nebraska jurisprudence does not currently appear to provide this accommodation to the parties or the trial bench.

Because we find that the trial court's order of dismissal of May 16, 1994, was entered at a time that this case was pending before this court and that the order appealed from is a nullity, we conclude that we do not have jurisdiction to consider this appeal. Therefore, the appeal is dismissed for lack of jurisdiction.

APPEAL DISMISSED.