IN RE INTEREST OF BRANDON W., A CHILD UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V. GARY W., APPELLANT.

551 N.W.2d 273

Filed June 25, 1996.   No. A–95–1143.

John Jedlicka for appellant.

John Thomas, Knox County Attorney, for appellee.

HANNON, SIEVERS, and MUES, Judges.

MUES, Judge.

## INTRODUCTION

Brandon W. was adjudicated a child within the meaning of Neb. Rev. Stat. § 43–247(3)(a) (Reissue 1993) on December 22,

1994. The attempted appeal by Brandon's mother from that order of adjudication, found at case No. A–95–273, was found to be untimely by this court in an order dated December 29, 1995. Despite Brandon's previous adjudication, a "second" adjudication hearing regarding Brandon was held on June 23, 1995. As a result, on October 12, 1995, Brandon was again adjudicated to be within § 43–247(3)(a). The appeal from this order by Brandon's father, case No. A–95–1143, is now before this court.

## STATEMENT OF CASE

Brandon, now age 6, is the child of Rose W. and Gary W., who are not married. Prior to his removal from the home, Brandon resided with Rose, Gary, and two of Gary's children from a previous relationship, Jeremy W. and Tracey W. Brandon was removed from the home on June 29, 1994, following accusations that Jeremy had sexually assaulted him, and the Nebraska Department of Social Services (Department) was given temporary custody of Brandon.

On September 8, 1994, Gary signed a relinquishment of parental rights with regard to Brandon. Brandon was "first" adjudicated a child within the meaning of § 43–247(3)(a) on December 22, 1994. More on the proceedings which preceded and followed this December 1994 order will be set forth in the discussion portion of this opinion. Gary filed a revocation of relinquishment of parental rights regarding Brandon sometime in February 1995. Gary's relinquishment had never been formally accepted by the Department, since such acceptance was prohibited by Department policy absent a relinquishment of parental rights by Rose as well.

A "Supplemental Petition Against Gary [W.]" was filed on February 24, 1995. In this petition, it was alleged that Brandon was a child within § 43–247(3)(a) on the bases that he had been the victim of sexual assault by Jeremy in the family home; that Gary had failed to protect Brandon from such assault; that while in the home, Brandon was exposed to deviant and inappropriate sexual behavior, sexual child abuse, and inappropriate physical discipline; and that Gary had abandoned Brandon. Following a hearing on June 23, at which both Rose and Gary, as well as

their respective counsel, were present, Brandon was adjudicated to be within § 43-247(3)(a) by order dated October 12, 1995. A case plan was filed on June 30, setting forth goals virtually identical to those contained in the case plan previously adopted by the court following Brandon's "first" adjudication. Unlike the previous case plan identifying various goals as to Rose, however, this plan applied said goals to Rose *and* Gary. Rose filed an "Objection to Proposed Case Plan" on July 11. Following a hearing, an order was entered on September 14, which, among other things, continued Brandon's custody with the Department.

Case No. A-95-1143, now before this court, consists of Gary's appeal from the October 12, 1995, adjudication order. While Rose initially filed a notice to appeal from the September 14, 1995, order, also found at case No. A-95-1143, she has since filed a "Dismissal of Appeal."

## ASSIGNMENT OF ERROR

Gary asserts that the trial court erred in finding the evidence, with regard to him, sufficient to adjudicate Brandon to be within § 43-247(3)(a).

## STANDARD OF REVIEW

■■■ Whether a question is raised by the parties concerning jurisdiction of a lower court or tribunal, it is not only within the power but the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *In re Interest of Alex T. et al.*, 248 Neb. 899, 540 N.W.2d 310 (1995); *Jones v. State*, 248 Neb. 158, 532 N.W.2d 636 (1995). Where a jurisdictional question does not involve a factual dispute, determination of the issue is a matter of law which requires an appellate court to reach a conclusion independent from that of the inferior court. *Id.*

## DISCUSSION

■■ When cases are interwoven and interdependent and the controversy involved has already been considered and determined by the court in the former proceedings involving one of the parties now before it, the court has a right to examine its own records and take judicial notice of its own proceedings and

judgments in the former action. *Association of Commonwealth Claimants v. Moylan*, 246 Neb. 88, 517 N.W.2d 94 (1994). We have, therefore, taken judicial notice of the records contained in case No. A–95–273.

*Prior Proceedings.*

A review of those records reveals that a hearing to determine whether Brandon should remain in the temporary custody of the Department pending his "first" adjudication was held on July 28, 1994. Both Rose and Gary were present at this hearing, and each was represented by separate counsel. The court noted in its order that "the juvenile's father by and through his attorney, indicated to the court that the juvenile's father was intending to relinquish his parental rights and indicated to the court that he had no objections to the continued placement of the juvenile with the Department of Social Services." Over Rose's objection, the court ordered Brandon to remain in the temporary custody of the Department.

On September 8, 1994, a supplemental petition was filed, alleging that Brandon was within § 43–247(3)(a). One allegation contained in said petition was that Gary had abandoned Brandon by relinquishing his parental rights. Also on September 8, Gary signed a relinquishment of his parental rights to Brandon. At a hearing upon the petition, also held on September 8, Rose admitted the allegation that Gary had abandoned Brandon, but she denied the balance of the allegations.

A second supplemental petition, filed on October 11, 1994, alleged more specifically that Brandon had been the victim of a sexual assault by Jeremy in the family home; that Rose had failed to protect Brandon from such assault; that while in the home, Brandon was exposed to deviant and inappropriate sexual behavior, sexual child abuse, and inappropriate physical discipline; that Rose continued to reside with Gary; and that by virtue of relinquishing his parental rights, Gary had abandoned Brandon.

On September 15, 1994, notice that the adjudication hearing would be held on October 27 was sent to Gary's attorney. For reasons undisclosed by the record, the adjudication hearing was not held until December 16. Neither Gary nor his attorney was

present. By order dated December 22, 1994, Brandon was found to be a child within the meaning of § 43-247(3)(a). A case plan was submitted to the court and mailed to Gary and his attorney in January 1995.

A dispositional hearing was held on February 14, 1995, at which Rose and Gary, along with their respective attorneys, were present. The dispositional order, filed on February 22, placed Brandon in foster care, awarded Rose at least one weekly visitation, and granted Gary at least one weekly supervised visitation. The order prohibited any contact between Rose and Gary without prior approval from the Department. Among other things, the order further required both Rose and Gary to participate in individual and family therapy and to continue present employment.

Rose filed a notice of appeal from the aforementioned orders of adjudication and disposition on March 15, 1995. Her appeal appears in this court as case No. A-95-273. By memorandum opinion, filed on December 29, 1995, this court found Rose's appeal from the December 22, 1994, order of adjudication to be untimely and affirmed the February 22, 1995, dispositional order. Case No. A-95-273 also contains a notice of appeal filed by Gary appealing from the dispositional order. However, upon Gary's motion of December 20, 1995, and upon stipulation by Rose, the county attorney, and Brandon's guardian ad litem, this cross-appeal was dismissed.

*Jurisdiction.*

Although not raised by the parties, it is our duty to determine whether this court has jurisdiction over the matter before it. *In re Interest of Alex T. et al.*, 248 Neb. 899, 540 N.W.2d 310 (1995); *Jones v. State*, 248 Neb. 158, 532 N.W.2d 636 (1995). The timeliness of an appeal is a jurisdictional necessity and may be raised sua sponte. *Manske v. Manske*, 246 Neb. 314, 518 N.W.2d 144 (1994); *In re Interest of J.A.*, 244 Neb. 919, 510 N.W.2d 68 (1994); *In re Interest of Zachary L.*, *ante* p. 324, 543 N.W.2d 211 (1996).

At the time the December 1994 order was entered, Gary had already signed a relinquishment of parental rights regarding Brandon. Gary had informed the court of his intent to do so as

early as July 1994. Accordingly, one of the bases upon which the court adjudicated Brandon in its December 1994 order was on the finding that Gary had abandoned Brandon within the meaning of § 43-247(3)(a). Gary received notice of the proceedings precipitating this December 1994 order of adjudication, and he failed to appear. Rose's appeal from the December 1994 order adjudicating Brandon was untimely. Gary filed no appeal from that order, although he did appear at the dispositional hearing with counsel and appealed the disposition order of February 22, 1995, which appeal was subsequently dismissed on his *own* motion.

■ It is well settled that an adjudication order is an appealable order, and an appeal, if not made within 30 days after the order's entry, will be dismissed. *In re Interest of D.M.B.*, 240 Neb. 349, 481 N.W.2d 905 (1992); *In re Interest of C.W. et al.*, 238 Neb. 215, 469 N.W.2d 535 (1991). Because Gary failed to timely appeal from the December 1994 order adjudicating Brandon, this court is without jurisdiction to determine issues regarding the juvenile court's assuming jurisdiction over Brandon. An appellate court is without jurisdiction to entertain appeals from orders affecting substantial rights entered more than 30 days prior.

*Effect of Revocation.*

■ While the record does not expressly provide a reason, presumably the "second" adjudication proceeding, now on appeal, was conducted solely because Gary filed a revocation of relinquishment sometime in February 1995. Whether this revocation was filed before or after the February 22, 1995, dispositional order, which was the subject of case No. A-95-273, is unclear from the record. The record establishes that pursuant to the Department's policy, absent Rose's relinquishment of her parental rights as well, Gary's relinquishment could not be accepted by the Department. In any event, while we recognize that a duly executed revocation of a relinquishment prior to the Department's acceptance of said relinquishment has legal effects, see, e.g., *Kellie v. Lutheran Family & Social Service*, 208 Neb. 767, 305 N.W.2d 874

(1981), we do not believe that it negates an adjudication that the child involved is a juvenile within § 43-247(3)(a).

Once a child is adjudicated and the adjudication is not timely appealed, the juvenile court acquires jurisdiction over the child subject to several exceptions not at issue here. See, e.g., *In re Interest of D.M.B., supra* (when juvenile court's lack of jurisdiction is apparent on face of record); *In re Interest of Crystal T., ante* p. 503, 546 N.W.2d 77 (1996) (when procedural requirements of juvenile code have been ignored).

The second supplemental petition, filed on October 11, 1994, which led to the "first" adjudication proceeding, alleged, among other things, that Gary had abandoned Brandon. At the time of the December 1994 hearing, Gary had signed a relinquishment of parental rights regarding Brandon. The adjudication of a child to be within § 43-247 requires a finding that the child is a child as defined in the relevant portion of that statute *at the time* of the proceeding or is in danger of so becoming in the future. See *In re Interest of W.C.O.*, 220 Neb. 417, 370 N.W.2d 151 (1985). On the face of the record, it is not apparent that the juvenile court lacked jurisdiction over Brandon as a result of the "first" adjudication or that the procedures of the juvenile code were not followed.

Once the juvenile court properly obtains jurisdiction over a child, it retains its jurisdiction. Section 43-247 provides in relevant part:

> Notwithstanding any disposition entered by the juvenile court under the Nebraska Juvenile Code, the juvenile court's jurisdiction over any individual adjudged to be within the provisions of this section shall continue until the individual reaches the age of majority or the court otherwise discharges the individual from its jurisdiction.

Once properly adjudicated, it was not necessary for the court to hold a separate adjudication hearing "as to Gary" merely because he subsequently revoked his relinquishment of parental rights. Gary was involved in the juvenile proceedings leading to the "first" adjudication, although he and his attorney were not present at the adjudication hearing itself. They did participate in the dispositional hearing of February 14, 1995, which followed the adjudication, and they even appealed the dispositional order

to this court. While Gary's revocation would be relevant to any subsequent dispositional and review hearings, it does not require the court to hold another adjudication hearing.

Gary's failure to appeal from Brandon's adjudication in December 1994 renders this appeal untimely. Based on our determination that this court lacks jurisdiction over this matter, we need not address Gary's assigned error. Moreover, we have recently determined in *In re Interest of Joshua M. et al., ante* p. 659, 548 N.W.2d 348 (1996), that while an appeal is pending, the juvenile court lacks jurisdiction to enter a termination order. See, also, *Swain Constr. v. Ready Mixed Concrete Co., ante* p. 316, 542 N.W.2d 706 (1996). In the instant case, Rose's appeal from Brandon's "first" adjudication order was filed on March 15, 1995, and was not disposed of until December 29, 1995. The court's "second" adjudication occurred on October 12, 1995, during the pendency of Rose's appeal. The adjudication order of October 12 was not only unnecessary; it was also void.

## CONCLUSION

Absent an appeal, once a child is properly adjudicated to be within § 43-247(3)(a), the child is within the juvenile court's jurisdiction. An appeal from an order of adjudication must be brought within 30 days. This court lacks jurisdiction over an appeal brought outside of the 30 days.

APPEAL DISMISSED.