IN RE INTEREST OF ANDREW H. ET AL.,
CHILDREN UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V. MARK B., APPELLEE,
AND TERESA H., APPELLANT.
564 N.W.2d 611

Filed May 13, 1997. No. A-96-866.

Chris A. Johnson, of Conway, Connolly and Pauley, P.C., for appellant.

Thomas C. Wolfe, Deputy Adams County Attorney, for appellee State.

Mark A. Beck, of Fitzke & Beck, for appellee Mark B.

IRWIN, SIEVERS, and MUES, Judges.

MUES, Judge.

## STATEMENT OF CASE

Mark B. and Teresa (Terri) H. are the parents of Andrew H., Matthew H., and Michael B. On February 14, 1995, Andrew and Matthew, ages 5 and 3 respectively, were adjudicated as juveniles within Neb. Rev. Stat. § 43-247(3)(a) (Reissue 1993) (case No. JV94-169). On November 21, in a separate juvenile proceeding, Michael, 4 months of age, was also adjudicated within § 43-247(3)(a) (case No. JV95-248). Both parents appealed the order adjudicating Michael, and this court affirmed the adjudication by memorandum opinion filed on July 30, 1996 (case No. A-95-1357). See *In re Interest of [Michael B.]*, 4 Neb. App. xxiii (1996). Notwithstanding the pending appeal, a hearing was had in the county court sitting as a juvenile court on May 2 and June 6, for disposition in case No. JV95-248 (Michael) and review of disposition in case No.

JV94-169 (Andrew and Matthew). A single order regarding the two separate juvenile cases was entered on July 11, in which order the court adopted a case plan, denied the parents' application for immediate return of the children to their custody, and ordered that custody of the three minor children continue with the Nebraska Department of Social Services (the Department) for foster placement pending completion of the case plan. It is from this order that the mother now appeals.

## ASSIGNMENTS OF ERROR

The mother asserts that the trial court erred in (1) finding that the minor children should be removed from her home and placed in foster care pending a review hearing, (2) finding that reasonable efforts had been made to reunite the children with their parents, and (3) instructing the State as to how to present its case. The father, while not complying with Neb. Ct. R. of Prac. 9D(4) (rev. 1996) (where brief of appellee presents cross-appeal, it shall be noted on cover of brief and set forth in separate section, prepared in the same manner as brief of appellant) and not assigning any errors as required by rule 9D(1)d, also seeks a reversal of the court's order in question.

## STANDARD OF REVIEW

 Whether a question is raised by the parties concerning jurisdiction of a lower court or tribunal, it is not only within the power but the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *In re Interest of Alex T. et al.*, 248 Neb. 899, 540 N.W.2d 310 (1995); *Jones v. State*, 248 Neb. 158, 532 N.W.2d 636 (1995). Where a jurisdictional question does not involve a factual dispute, determination of the issue is a matter of law which requires an appellate court to reach a conclusion independent from that of the lower court. *Id.*

## DISCUSSION

*Michael.*

We begin by addressing the county court's July 11, 1996, order as it pertains to Michael, whose adjudication of November 21, 1995, was appealed to this court on December 19 and affirmed by this court by memorandum opinion filed July 30, 1996.

■ The general rule in Nebraska is against concurrent jurisdiction of trial and appellate courts. *Swain Constr. v. Ready Mixed Concrete Co.*, 4 Neb. App. 316, 542 N.W.2d 706 (1996). Clearly, the order adjudicating Michael was a final, appealable order. See *In re Interest of A.C.*, 239 Neb. 734, 478 N.W.2d 1 (1991). It is well settled that once an appeal has been perfected to an appellate court, the trial court is without jurisdiction to hear a case involving the same matter between the same parties. *In re Interest of Joshua M. et al.*, 251 Neb. 614, 558 N.W.2d 548 (1997) (once appeal from disposition order perfected, juvenile court is without jurisdiction to proceed with termination); *WBE Co. v. Papio-Missouri River Nat. Resources Dist.*, 247 Neb. 522, 529 N.W.2d 21 (1995).

Accordingly, because an appeal from Michael's adjudication was pending, the county court lacked jurisdiction to enter this disposition order with regard to Michael. We are aware of Neb. Rev. Stat. § 43-2,106 (Cum. Supp. 1996), which, inter alia, provides that the juvenile court shall continue to exercise supervision over the juvenile until an appellate court enters an order making other disposition. However, we find that the disposition order of July 11, 1996, entered while Michael's adjudication order was clearly pending on appeal, went beyond the exercise of "supervision" by the county court and was thus outside its authority. This is not a situation in which the best interests of Michael required an immediate change in placement or other action of the county court. The disposition order at issue merely continued Michael's out-of-home placement, as already provided by the court's order of adjudication.

■ Where the court from which an appeal was taken lacked jurisdiction, an appellate court acquires no jurisdiction. *WBE Co., supra.* Therefore, the county court's July 11 order of detention as it pertains to Michael is vacated, and this part of the appeal is dismissed.

*Andrew and Matthew.*

■ The timeliness of an appeal is a jurisdictional necessity and may be raised sua sponte. *In re Interest of Zachary L.*, 4 Neb. App. 324, 543 N.W.2d 211 (1996). Unlike the proceedings for Michael, the proceedings involving Andrew and Matthew

were not the subject of a pending appeal, and the county court therefore had jurisdiction to enter the disposition order at issue with regard to them. However, because the appeal with regard to Andrew and Matthew was untimely, this court lacks jurisdiction to entertain an appeal as to them.

■ Although dispositional orders of a juvenile court are final, appealable orders, *In re Interest of R.A. and V.A.*, 225 Neb. 157, 403 N.W.2d 357 (1987), *overruled on other grounds, State v. Jacob*, 242 Neb. 176, 494 N.W.2d 109 (1993), if an order is not new, but merely a continuation of a previous order, it does not extend the time for appeal. See, e.g., *In re Interest of Joshua M. et al., supra.* See, *Federal Land Bank v. McElhose*, 222 Neb. 448, 384 N.W.2d 295 (1986); *In re Interest of Zachary L., supra.*

Thus, in *In re Interest of Zachary L.*, an appeal from an order was deemed untimely where the order being appealed imposed no new requirements from previous orders which had not been timely appealed. Similarly, *In re Interest of Joshua M. et al.* involved, in part, a mother's appeal from a detention order which continued custody of four of her children in the Department for appropriate placement until further order of the court. In fact, the custody of all four children had been placed with the Department well over a year prior to the entering of the detention order from which the mother appealed. Following their initial removal, however, two of the four children were placed back in the mother's home. The detention order from which the mother appealed, therefore, had the effect of removing these two children a second time. The Nebraska Supreme Court determined that the detention order was a final, appealable order with regard to these two children as it affected a substantial right of the mother to raise those two children. However, the detention order was not a final, appealable order with respect to the other two children who had previously been removed and never returned to the mother's care. As to the latter, the order was deemed merely a continuation which extended orders already in place. As such, the mother's appeal with respect to these two children was untimely. The court stated that "where an order from a court is already in place and a subsequent order merely extends the time for which the pre-

vious order is applicable, the subsequent order does not extend the time in which the original order may be appealed." *In re Interest of Joshua M. et al.*, 251 Neb. 614, 627, 558 N.W.2d 548, 558 (1997).

Andrew and Matthew were originally adjudicated to be within § 43-247(3)(a) in an order dated February 14, 1995, and they were placed in the custody of the Department for appropriate placement. Following a disposition hearing, the court entered an order on March 13, in which it approved and adopted a case plan and concluded that reasonable efforts had been made to prevent the need for removal of the minor children and that the children should remain in the custody of the Department. The mother did not appeal from either of these orders. Although not reflected by any court order in the transcript, the mother states in her brief that the children were "returned to them by the State" in April. Brief for appellant at 10. Also not reflected by any order of the court but represented in the mother's brief is the fact that Andrew and Matthew were removed again in September, following an incident involving alcohol.

The next order contained in the court's file was entered on October 2, 1995, following a review hearing. In that order, the court continued custody of the children with the Department and denied the parents' application for immediate return of the children. No appeal from this order was taken.

Thus, we conclude that the disposition of Andrew and Matthew was not changed by the July 11, 1996, order. That order merely extended or continued the order already in place regarding the children's custody. The mother's assigned errors in this appeal do not relate to any portion of the July 11 order that was inconsistent with an earlier order from which the mother failed to timely appeal. The mother's appeal therefore is simply an attempt to appeal after the time for appeal has expired. See, e.g., *In re Interest of Joshua M. et al., supra*; *Federal Land Bank v. McElhose, supra*; *In re Interest of Zachary L.*, 4 Neb. App. 324, 543 N.W.2d 211 (1996). We therefore must dismiss it without deciding the issues raised. See *id.* While the father's brief does challenge findings contained in the July 11 order not previously addressed, he failed to assign any

errors. Errors argued but not assigned will not be discussed. *Pantano v. McGowan*, 247 Neb. 894, 530 N.W.2d 912 (1995).

## CONCLUSION

Because the county court lacked jurisdiction to enter the July 11, 1996, disposition order with regard to Michael, this court is also without jurisdiction over the matter. That order is vacated as to case No. JV95-248, and this part of the appeal is dismissed. This court also lacks jurisdiction over that part of this appeal pertaining to Andrew and Matthew, as the mother's appeal from the July 11 order is untimely; therefore, this part of the appeal is also dismissed.

APPEAL DISMISSED, AND IN PART
JUDGMENT VACATED.